TERRILL
vs.
CHAMBERS.

     APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT FOR THE PARISH OF RAPIDES, THE JUDGE OF THE FIFTH PRESIDING.

On the passage of the act of congress, in 1832, allowing the front proprietors a *preference* in becoming the purchasers of any vacant land adjacent to and back of his own tract, he acquires, from the time of its passage, an inchoate right, and can maintain an action for damages for waste committed on this land, before entry and purchase by him.

When the front proprietor acquires title from the United States to the *back concession*, since waste has been committed, the party committing it is thereby liberated from any claim which the latter, (*i. e.* the United States,) might have against him for damages. He cannot be liable to two parties for the same injury.

     This is an action of waste, to recover damages of the defendant for cutting and taking timber from a back concession of land, which the plaintiff alleges lies immediately behind his front tract, and to which he is entitled by preference, and has made all the necessary preparations to enter and purchase it from the government of the United States. He further shows, that the defendant has committed waste, by cutting and carrying away timber from said land, to his damage three thousand dollars, for which he prays judgment.

The defendant denied that the plaintiff was either the owner or possessor of the land in question, and that he could not maintain this action. That if any timber was taken from said land, as stated, more than a year has elapsed since the alleged trespass, and that the action is prescribed by the lapse of one year.

Upon this issue the case was submitted to a jury, who, on the evidence adduced, returned a verdict for the plaintiff of eight hundred and seventy dollars, and costs.

The evidence showed that Chambers' hands, under his orders, had been in the habit of cutting and hauling timber from the back concession of the plaintiff's land, which was adjoining, before the latter completed his purchase of this concession from the United States. The trees were cut in the summer, in June and July, 1833. There were 140 trees ascertained to be cut, besides many fresh stumps of others not counted. The trees were estimated by the witnesses to be worth ten dollars each, being very large and long-bodied.

Terrill showed, by the register's and receiver's certificate and receipt, that he made his application to enter this land the 28th February, 1834. The receiver's receipt for the price is dated September 16th, 1834. This suit was instituted the 14th April, 1834.

From judgment confirming the verdict, the defendant appealed.

*Winn*, for the plaintiff, said this was an action of trespass and for damages, for entering on plaintiff's back concession and cutting timber, and committing waste thereon. The evidence showed, that the defendant had cut and took off valuable cypress timber, which was estimated by the jury at eight hundred and seventy dollars in damages.

3. The plaintiff was entitled to this back concession from the passage of the law of congress, in 1832, and could maintain trespass even before payment of the government price. In actions of trespass, title is not inquired of. Title, or possession either, will support this action.

*Brewer* and *Dunbar*, for defendant. The act of congress only gave the right to back concessions, on certain conditions, which the front proprietor might accept or not. Until he accepted and complied with the conditions, he had no right to the use or possession of the land. The waste complained of in this case, appears to have been done before any entry or purchase by the plaintiff. If any one can complain, it is the United States. The defendant is not liable in this case.

*Martin, J.,* delivered the opinion of the court.

The plaintiff states himself to be the owner of a tract of land, and as such entitled to acquire, under the act of congress, what is commonly called a " back concession," which he has not been able to effect, because the government has never offered the land for sale. That he has had it surveyed, and filed his application in the proper office, and taken actual possession of the same : And that the defendant, well knowing this, and notwithstanding his remonstrances, has committed waste on the premises, by cutting down and carrying away much valuable cypress timber.

The defendant pleaded the general issue and prescription ; and that the plaintiff could not maintain his action, because he was neither the owner or possessor of the *locus in quo.* There was a verdict and judgment for the plaintiff, and the defendant appealed.

It appears the plaintiff made his application to enter the back concession on the 28th February, 1834, and shows payment the 16th September following. The waste complained of was committed in the summer and fall of 1833. The suit was brought in April, 1834. It is contended that the plaintiff cannot recover, because his application for the back concession was not filed until several months after the waste was committed ; and that, before this application, the plaintiff was without a shadow of title to the premises. The act of congress, passed in March, 1832, provides that the owner of a tract of land bordering on any river, bayou, etc., shall be entitled to a *preference in becoming the purchaser* of

any vacant tract of land [adjacent to and back of his own tract, not exceeding forty [arpents. This was the plaintiff's case, of which he afterwards availed himself. See *Session Acts of Congress* 1832, page 96.

On the passage of the act of congress, authorizing the plaintiff to enter the back concession, he acquired an inchoate right thereto, which might be the object of an immediate sale. He had, therefore, at once a claim for damages against any one, who, by a tortious act, impaired that right. If by a waste committed on the premises, he was prevented from obtaining the price which he could have received if the waste had not been committed, and was compelled to sell his right at a reduced price, there cannot be a doubt that he might have claimed damages under the 2294th article of the Louisiana Code. This article provides, that " every act whatever, of man, that causes damage to another, obliges him by whose fault it happened, to repair it."

The defendant could not resist the action of the plaintiff, on the ground that until the United States were divested of title to the land, he was liable to them in damages if they sought to claim any by a civil suit ; or to pay the penalty denounced by the laws of congress against trespassers on the public lands. The plaintiff could not, on that account be deprived of the remedy which the law gave him for the injury he had sustained. It is true he was not compelled, in the present case, to sell his right at a reduced price, but this right was impaired by the impossibility in which he was placed, by the tortious or unlawful act of the defendant, of availing himself of all the advantages which would have resulted to him from the acquisition of the back concession, if the value of the land had not been diminished by the waste.

If, since the waste, the plaintiff having acquired the title of the United States, the defendant is thereby liberated from any claim which they might have against him for damages, he is also deprived of a plea which, however plausible, we have said would be ineffectual, to wit : that he cannot be liable to two parties for the same injury.

WESTERN DIST.
Oct. 1838.

TERRILL
vs.
CHAMBERS.

On the passage of the act of congress in 1832, allowing the front proprietors a *preference* in becoming the purchasers of any vacant land adjacent to and back of his own tract, he acquires from the time of its passage, an *inchoate* right, and can maintain an action for damages for waste committed on this land before entry and purchase by him.

When the front proprietor acquires title from the U. States to the *back concession*, since waste has been committed, the party committing it is thereby liberated from any claim which the *latter* (i. e. the United States) might have against him for damages. He cannot be liable to two parties for the same injury.

The amount of damages was a peculiar object of consideration for the jury, and we are not prepared to say that the verdict ought to be disturbed on that account.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.