MOORE ET AL. *vs.* PONTALBA.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A final judgment has the effect to exclude any adverse possession, within the boundaries it establishes; any subsequent possession must be by enclosures, or under a new title, to avail the party.

The confirmation of a land claim is not a new title, and will not avail the claimant for the possession, against a confirmation previously made by the board of commissioners, of which the claimant had notice.

Where a party purchases without warranty, and without ever taking possession under his title, he must be presumed to be cognizant of the defects of the possession and title of his vendor.

This is a possessory action, instituted by an injunction to prevent the sale of a tract of land, laid out into lots adjoining the city of New-Orleans, by the agent of Madame Pontalba, which is claimed by the plaintiffs, and of which they allege they were possessed as owners.

The defendant averred she was in the legal possession of said tract of land, as owner, under a good and authentic title, and she prays that the injunction be dissolved, with heavy damages allowed her.

The case was submitted to the district judge on a mass of testimony, who gave judgment for the defendant. The plaintiffs appealed.

*D. Seghers, Grima* and *Preston,* for the plaintiffs.

*L. Janin, Soulé* and *Derbigny,* for the defendant.

*Rost, J.,* delivered the opinion of the court.

The plaintiffs alleged that they were disturbed in their possession of a certain tract of land which they held and possessed by a regular chain of conveyances from J. B. Macarty, to whom it had been granted in 1795, by the Baron de Carondelet, then governor of the province of Louisiana, and that the agents of the defendant had caused the same to be advertised to be sold in lots, at public auction, as her property.

The court of the first instance, enjoined the sale on their application.

The defendant pleaded the general issue, denied the plaintiff's possession, and averred that herself and her father, André Almonaster y Roxas, before her, had been in open, peaceable and uninterrupted possession thereof, since the year 1782. Judgment was given against the plaintiffs, as in case of non-suit, and they appealed.

After a careful examination of the proceedings and evidence, the court considering that the fact of cutting firewood upon the land in controversy, cannot be held as a distinct act of ownership, when it is shown that the inhabitants of the city of New-Orleans have always been in the habit of using that wood, as well as the plaintiffs' vendors. That the only distinct act of possession shown by the plaintiffs, to wit: the authorization given by them to the New-Orleans and Nashville Rail Road Company to pass through the land, was done within the year that preceeded the

EASTERN DIST.
*May,* 1839.

MOORE ET AL.
*vs.*
PONTALBA.

inception of this suit, and that they have failed to establish the possession of one year, required by law to maintain a possessory action.

That, on the contrary, the defendant has shown, that as far back as 1796, Almonaster, her father, instituted a petitory action against J. B. Macarty, for the land in controversy, alleging that he had been in possession at that time, for more than thirty years, which action appears to have been discontinued upon the judicial declaration of the defendant, disclaiming title and possession.

That in 1806, her claim was duly presented to the board of commissioners, and confirmed to the extent and under the boundaries now claimed by her; while that of the plaintiff was rejected at that time, and was not confirmed until the year 1823.

That in the year 1821, the mayor, aldermen and inhabitants of the city of New-Orleans, having taken actual possession of part of said land, under a sale from Macarty, the defendant instituted an action against them, in which their vendor, called in warranty, pleaded the title under which the plaintiffs now claim, and a judgment, which has since become final, was rendered against him.

That the said suit and judgment, viewed as acts of ownership, had the effect of excluding any adverse possession, under J. B. Macarty's title, within the boundaries of Almonaster's claim. That if the plaintiffs have possessed since, their possession must have been under enclosures before it can avail them, unless they have acquired a new title.

That the confirmation of their claim in 1823, is not a new title, and if it was, would not avail them for the possession, against a confirmation previously made by the board of commissioners, and of which Macarty had notice.

That the plaintiffs having purchased without warranty, and without ever having taken possession under their title, must be presumed to be cognizant of the defects of the possession and title of their vendors.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

A final judgment has the effect to exclude any adverse possession, within the boundaries it establishes; any subsequent possession must be by enclosures or under a new title, to avail the party.

The confirmation of a land claim, is not a new title, and will not avail the claimant for the possession against a confirmation previously made by the board of commissioners, of which the claimant had notice. Where a party purchases without warranty and without ever taking possession under his title, he must be presumed to be cognizant of the defects of the possession and title of his vendor.