### No. 9727.

MRS. MARGARET E. PATTISON, WIFE, ETC., vs. DR. J. H. MALONEY.

1. Good faith purifies the title of its defects and causes the possessor under a just title to be preferred to the true proprietor who has remained so long neglectful of his rights.
2. That there is no defect stamped on the face of the deed is what is meant by valid in point of form.
3. A possessor cannot be deprived of pleading prescription because he might, by inquiry and careful examination, discover that his vendor had no title.
4. A title defective in form cannot be the basis of prescription. By this is meant a title on the face of which some defect appears, and not one that may be found defective by circumstances, or evidence *dehors* the instrument.
5. If, upon examination of the recitals contained in a deed they prove erroneous, this would only be an error of fact, and would not prevent the possessor under it from pleading prescription.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Farrar & Kruttschnitt* for Plaintiff and Appellant.

*H. P. Dart* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. This suit is to compel defendant to accept title to a certain lot of ground, with improvements, situated in the Fourth District of the city of New Orleans, in the square bounded by Laurel, Constance, First and Philip streets, measuring 49 feet front on Laurel, by 160 feet in depth between parallel lines, and designated by the numbers 159 and 161 Laurel street—sale of which to defendant was effected through C. E. Girardey & Co., real estate brokers—who acted as the mutual agents of both seller and purchaser, at the price of $4,000, to be paid on day of sale, on the 15th of October, 1885.

Defendant for answer pleads the general issue, and admits the promise to buy the property as described, but he avers that the plaintiff has no good and valid title to the property, as to three-fourths thereof, "for the reason that said property was acquired in 1850 for and on account of the firm of Norcross & Co., composed of David D. Boyle and Henry A. Norcross," and in which the latter was interested to the extent of three-fourths and the former to the extent of one-fourth; and that the Norcross interest has never been divested, and he prays that plaintiff's demand be rejected.

In argument plaintiff replies, that conceding that the Norcross interest has never been divested by title, or other proceedings, and there is no conveyance of record of the Norcross interest to the plaintiff or her vendors, yet the title tendered is perfect and complete, and that same has been perfected and completed by the prescription of ten years.

In his brief, plaintiff's counsel propound this question: "Has plaintiff shown possession under a title translative of property, and in good faith, for ten years; and has she thus proved a good title by prescription to the property sold?"

I.

The present plaintiff claims to have derived title through the following chain of conveyances, viz:

1st. By an authentic and duly recorded act of sale from the heirs of D. D. Boyle to John E. Pattison, of date January 26, 1869.

2d. By Pattison's assignee in bankruptcy to Lochte & Cordes and Mrs. M. Aloitz; likewise by authentic act of date August 9, 1878, and duly recorded.

3d. By a conveyance from said parties to the plaintiff, which was authentic in form and duly recorded.

The heirs of John E. Pattison's vendors is fully established; and he,

as a witness, states that prior to his purchase from the heirs of Boyle he took counsel of Judge G. W. R. Marr, whom he had employed, to examine the title; and that after having kept the matter under advisement "some three or four weeks," he reported "that after a thorough examination, he gave me his opinion that it was as good as any title in in the State"—and that he then bought the property, and never had any reason to suspect that there was any defect in the title at that time or since. He further says that under the title from the heirs of D. D. Boyle he went into actual possession as owner, and that he and his assigns have continued in its peaceable and uninterrupted possession ever since; and that he has made permanent and valuable improvements thereon since his purchase—said lot being a vacant one when he so acquired it.

He says that he paid $1600 for the property, and the improvements cost him $3800 or more, and that they were erected and constructed in 1869.

Mrs. Pattison, the plaintiff, corroborates that statement.

Consulting the act of sale from the heirs of Boyle to Pattison, we find these recitals, following the description of the property, viz:

" The title to the said lot of ground is held by the said vendors in manner following, viz: At a public sale of the tract of land, surveyed into four lots by said amended sketch, which was made by the sheriff of the parish of Jefferson, in this State, on the 10th day of August, 1850, by virtue of a writ of *fieri facias* to him directed by the Third Judicial District Court of the parish of Jefferson aforesaid, at the suit of D. D. Boyle et al. vs. E. S. Hall, one undivided one-fourth interest in said tract of land was purchased *by Dennis D. Boyle;* and at the death of said Dennis D. Boyle, *his said interest in* said tract of land was inherited by said vendors, * * * and by an act of partition between Isaac Knopp, owner of the three-fourths interest in said piece of ground * * * and said vendors, as the heirs of said deceased Dennis D. Boyle, the owners of the remaining one-fourth, * * * said vendors became the owners of an undivided interest each in the said lot designated by the letter B."

Thus, the plaintiff argues, she has fully answered her own question— that is to say, that she has fully established her title by prescription— claiming to have exhibited, 1st, A just title; 2d, To have shown possession thereunder for more than ten consecutive years; 3d, And that her vendor acquired in good faith.

## II.

It is claimed by the defendant that in 1849, a lot of ground 160 feet

front on Laurel, by 183½ feet on First street, was owned in indivision by Ferry and Knopp and Hall, the latter having an undivided one-fourth interest. That the interest of Hall was attached in the suit of H. A. Norcross & Co. vs. E. S. Hall, and subsequently sold under *fi. fa.* therein on August 10, 1850, "when Dennis D. Boyle, surviving partner of the firm of Henry A. Norcross & Co., and liquidator of said firm, * * * being the last and highest bidder, the said before described property was adjudicated to the said Dennis D. Boyle *for account of said firm* of Henry A. Norcross & Co.," etc., and that same was accordingly adjudicated. The recitals of the sheriff's *proces verbal* of sale are to that effect.

It was admitted as a fact that the public records disclose no conveyance of the Norcross interest to any one. That Norcross died in October, 1849, and that his succession was opened in the Fourth District Court soon after. It is admitted that the record in the partition suit of Dennis D. Boyd et al. vs. Ferry & Knopp, decided in (12 Ann. 425) 1857, cannot be found.

It is admitted that the heirs of Boyle and Ferry & Knopp "partitioned said plot of ground" by an authentic act of date May 12, 1869, "in which partition the lot now in question fell to the heirs of Boyle;" and the heirs of Norcross did not participate therein.

Upon this state of facts, the defendant's counsel predicates the argument that plaintiff had never acquired the Norcross interest, and then asks the question, "How then can he base a prescription on good faith? Perpetually before him *in his deed* stands the reference to the suit of Boyle et al., and the subsequent adjudication to Norcross & Co. under execution thereon."

As quoted, counsel is slightly inaccurate on a material point.

The deed from the heirs of Boyle & Pattison, of date 26th of January, 1869,—the one counsel doubtless refers to—does make reference to the suit of Boyle vs. Hall, and the sale under *fi. fa.*, and the adjudication of the property not "*to* Norcross & Co.," as stated, but, as it recites, "that the undivided one-fourth interest in said tract of land was purchased by Dennis D. Boyle, etc."

### III.

Was Pattison bound to look beyond the authentic conveyance order to maintain his title by prescription? Was there any recital in the deed to put him on notice of any defect in the title of the heirs of Boyle, whereby to deprive him of his good faith at the time he made the purchase?

For "it is sufficient if the possession has *commenced* in good faith. R. C. C. 3482.

"The possessor in good faith is he who has just reason to believe himself master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another." R. C. C. 3451.

Under the circumstances above given, had John E. Pattison "just reason to believe himself the master of the property" he purchased on the 26th of January, 1869, from the heirs of Boyle?

His notarial title did not disclose the defect complained of. It purported to convey a full title, and the act was translative of property. It was a just title. It was a title which he received from a person whom he honestly believed to be the real owner, and the title was such as to transfer the ownership of the property. R. C. C. 3484.

He had employed a lawyer to examine it, and he reported it good. He had not then, nor has he since, heard the title questioned.

There was, at the date of his acquisition, upon the public records an act of partition of several lots of ground, bearing date May 12, 1868, whereby the heirs of Boyle appeared to have acquired full title to the one in controversy. The record of that partition suit has been lost, and there is no certainty as to who were the plaintiffs "Dennis D. Boyle et al." That is left to conjecture. Knopp and other co-owners as to three-fourths undivided interest therein joined in the partition and accepted title under it. They were parties to the lost record. Seven years had then elapsed since the sheriff's sale was made in the suit of Norcross & Co. vs. Hall, and Norcross died in 1849. If that missing link were supplied, plaintiff's title would be perfect without the help of prescription.

"Good faith purifies the title of its defects and causes the possessor under a just title to be preferred to the true proprietor, who has remained so long neglectful of his rights." McCloskey vs. Webb, 4 R. 205.

"There is no defect stamped on the face of the deed, and that is what this Court say was meant by valid form in a deed which would enable a holder under it to prescribe. Carroll vs. Cabaret, 7 Mart. 406. A possessor cannot be deprived of the right of pleading prescription *because he might by inquiry and careful examination discover that his vendor had no title.* Frigue vs. Hopkins, 4 Mort., N. O. 224;" Geddens vs. Mobley, 37 Ann. 419; Barrow vs. Wilson, 38 Ann. 209.

In Hall & Turner vs. Mooring. 27 Ann. 597, the Court say: "The

defendant's title is apparently perfect.  *  *  The defect complained of is *dehors* both acts. It is well settled that to become the basis of prescription the title must be *apparently* good and of a kind calculated to induce a belief in the possessor that it is perfect. A title *defective* in form cannot be the basis of prescription. *By this the law means a title on the face of which some defect appears, and not one that may be found defective by circumstances or evidence dehors the instrument.*

Again : " There can be no greater obligation on the vendee to examine the verity of the statement in the written mandate of Wright than to inquire into the truth of the assertion of the seller that he is the owner. *In both it could be an error of fact, which the law would not consider of such a nature as to prevent the party from pleading prescription.*

The rule is that when the opinion of the possessor who holds an object under a title of sale has a just ground, *though in fact there is no sale,* the opinion is equal to title."

In 10 Peters 489, Harpending vs. Dutch Church, the Court said : " One tenant in common may well hold adversely to and bar his cotenant." 5 Wharton 116, McClung vs. Ross.

In 5 Peters 402, Bradstreet vs: Huntingdon, the Supreme Court said : "If parties, having only an equitable right to land, undertake to convey the fee; or, if one tenant in common undertake to convey the *whole,* and the granter enter into the actual possession, *intending to claim the whole,* he is not precluded from setting up his possession thus acquired as a bar under the statute of limitations, nor from relying on it as *preventing a conveyance by the owner out of possession.*"

The questions propounded are answered. The plaintiff's title by prescription is perfect and complete. The judgment appealed from is erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the defendant accept the title tendered him by the plaintiff to the property in controversy, at the price of $4,000, as recited in the act of sale, and perfect and complete said contract of sale, and that all costs of both courts be taxed against him.

Judgment reversed.