## No. 1256.

### THOMAS E. GREEN ET AL. VS. J. E. MOORE.

1. A possessor in bad faith is one who possesses as master, but who assumes that quality when he well knows that he has no title to the thing or that his title is vicious and defective.
2. He is a *bona fide* possessor who possesses as owner, by virtue of an act sufficient in terms to transfer the property the defects of which he is ignorant.
3. The bad faith possessor is entitled, upon being dispossessed, to the reimbursement of necessary expenses for the preservation of the property and to an adjustment of his claims for constructions and improvements.

A PPEAL from the Twenty-seventh District Court, Parish of West Carroll. *Williams, J.*

*C. T. Dunn* and *S. T. Baird* for Plaintiffs and Appellees:

A sale of land conducted under Act 107 of 1880 is an absolute nullity if the land had not been previously forfeited to the State for non-payment of taxes. 30 An. 1109, 952; Act of 1880, p. 135.

A title acquired in bad faith can not be made the basis of prescription. C. C. 3478, *et seq.*

A purchaser knowing the defects in the title of the property purchased, can not be considered a purchaser in good faith. 33 An. 1174.

A possessor in bad faith owes rents from the date of his occupancy, and he is entitled to reimbursements for only the value of the material and costs of construction of improvements made upon the property. C. C. 508.

*Wells & Gray* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. This suit is brought by the heirs at law of John and Mary E. Green, deceased, for the recovery of a tract of 240 acres of improved land, producing revenue; and, upon averment that the annual revenues of same amount to $250, and that "the defendant has had illegal and fraudulent possession thereof since 1884," they claim the sum of $1750; and their prayer is, that they be decreed to be the owners in indivision of the property and placed in possession thereof, and that they have and recover of and from the defendant said amount of revenues, with legal interest from judicial demand.

The defendant claims to have acquired the ownership of said property in 1881, as adjudicatee at a public sale, made under and in pursuance of the provisions of Act 107 of 1880, as property which had been, theretofore, forfeited to the State.

Alleging his purchase to have been made in good faith, he pleads his occupancy and possession thereunder, in support of his plea of ten years' prescription, *acquirendi causa.*

In the alternative, he sets up in reconvention a claim of $2350 for betterments, for which he demands judgment.

On the trial, there was judgment in favor of the plaintiffs for the land and its improvements, decreeing them entitled to, and to be placed in possession thereof, and to have and recover of and from the defendant, the rents and revenues of the same for two years at

Green et al. vs. Moore.

$250 per annum, decreeing it to be equitable and just to allow him " the use of the land for five years, for *clearing, fencing and putting the same in a state of cultivation;*" and it gave the defendant credit for the value of—

| | |
|---|---:|
| One dwelling house | $300 00 |
| Four cabins at $75 | 300 00 |
| One crib | 15 00 |
| Taxes paid | 143 89 |
| Sundry small improvements | 41 11 |
| | $800 00 |

making " the sum of three hundred dollars ($300) for the value of improvements and taxes, over and above the amount due the plaintiffs for rent."

From that judgment the defendant has appealed; and the plaintiffs and appellees have filed in this court an answer to the appeal, in which they pray for an amendment and ask a reversal of the judgment, in so far as it awards the sum of $300 against them, and request an increased allowance in their favor by decreeing them " entitled to a moneyed judgment in the sum of $200 in excess of the value of improvements and taxes, on account of rents and revenues."

From the foregoing statement of the case, as it is presented for our consideration, there is, practically, but little left for decision.

As to the plaintiffs' demand of ownership of the property, there is no room for argument and apparently no dispute—the record disclosing no forfeiture to the State.

There was a sale made in 1881, according to the evidence, of State lands, under the provisions of Act 107 of 1880, but the lands of J. W. Green, and not those of John Green, were advertised and sold; and it having been the intention of the defendant, Moore, to buy those of the latter, and not of the former, he failed to acquire even an apparent title thereto under the adjudication. It seems that this mistake was subsequently brought to his notice, and by some means, not definitely shown in the record, the tax collector executed a deed in his favor, describing the lands of John Green instead of those of J. W. Green.

We think it evident that defendant was not a purchaser in good faith, but that he occupies the position in this litigation of one " who possesses as master, but who assumes this quality, when he well knows that he has no title to the thing, or that his title is vicious and defective." R. C. C. 3452.

For the Code provides that " he is a *bona fide* possessor who possesses as owner by virtue of an act sufficient in terms to transfer the property, *the.defects of which he is ignorant.* He ceases to be a *bona fide* possessor from the moment these defects are made known to him," etc.   R. C. C. 503.

From what has already been said, it is clear that the defendant was fully advised of the mistake that had been made in the adjudication of the property, and must have known—even if it be conceded that he was not privy to the alteration that was subsequently made—that the deed incorrectly called for the lands of plaintiffs' ancestor.

This must have been the theory adopted by the district judge, who, evidently, examined the case with care, and decided it impartially and conscientiously.

Accepting this theory as correct—and it is unquestionably correct —the defendant's plea of prescription is untenable, because of his want of that good faith which is an essential element of prescription *acquirendi causa.*   R. C. C. 3478, 3479, 3451.

The further consequence of his lack of good faith is, that he is not entitled to gather " the fruits of the thing until it is claimed by the owner " (R. C. C. 3453) ; but is restricted to his claim for reimbursement of the value of materials used in the re-establishment of plaintiffs' plantation, and in making constructions and works thereon, together with the price of workmanship (R. C. C. 508) ; because the Code declares that " he to whom property is restored must refund to the person who possessed it, *even in bad faith,* all he had necessarily expended for the preservation of the property."   R. C. C. 2314.

These articles were examined and applied to the case of a bad faith possessor, by this court in the well considered case of Heirs of Wood vs. Nicholls, 33 An. 744.

The district judge charged defendant rent from the commencement of his possession, but allowed him to compensate five years of same with the value of fencing, clearing and putting the place in cultivable condition.

It is of this item that plaintiffs' counsel chiefly complains, his contention being that an allowance of $600 would afford ample compensation and by this means there would remain a charge of $250 against the defendant, instead of a balance of $300 in his favor.   In

so far as other items are concerned, there is no discoverable difference between the calculation of the judge and that of plaintiffs' counsel, and we prefer to adopt that of the latter. The proof shows that in 1881, when the tax sale occurred, and at the time of the defendant's possession, the property was largely in arrears for taxes, and in a dilapidated and uninhabitable condition, and that the defendant rehabilitated it by building houses, barns, cabins and fences, and by digging wells, clearing land and putting it in a cultivable condition. This required years of time, as well as the expenditure of a great deal of labor and money. Of course, the rental value of the property was comparatively small during this period, and for that reason we think the judge's estimate a fair and reasonable one.

Judgment affirmed.