Taylor vs. Telle.

## No. 11,075.

### JOSEPH D. TAYLOR VS. EDWIN TELLE.

The civil possession to authorize the possessory action must be preceded by an actual, corporal possession. The previous corporal possession of the author of the title will inure to the benefit of plaintiff.

The suit for possession must be instituted within the year when the alleged disturbance took place.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

---

*J. Q. A. Fellows* and *J. B. Rosser, Jr.*, for Plaintiff and Appellant:

1. In the plea of no cause of action, the allegations of the petition are taken as true, and if they present a right against the defendant, a cause of action is presented.

2. Where a plan of survey, accompanied by field notes, shows a delineation of these notes on the plot, though there may be extraneous lines protracted on the plot, derived from other sources, it is a plot of the survey made, and where notice of the making of the survey is brought home to the party objecting, it is admissible in evidence.

3. That the employment of the chain-man, in the survey, by the defendant, and his payment to the surveyor for his services in making the survey, is constructive and conclusive proof of the notice of the intended survey.

4. Where defendant sets up no title in himself, but simply denies the allegations of the plaintiff's petition, he has no right to introduce testimony invalidating the *prima facie* title of the plaintiff, nor contradict the title in any way whatever. Zeringue vs. Williams, 15 An. 76; Jamison vs. Smith, 35 An. 609.

5. Where defendant pleads a general denial and sets up no title or pretension of title, and makes no claim or reservation of claim for improvements on the land in controversy, he can have no judgment reserving to him the right to sue for value of improvements.

6. And if he had set up such claim, when it appeared from the record that one portion of the land was sold by him to plaintiff, with the improvements claimed on it at the time of sale, there should have been judgment against such claim, and when the other improvements were made on public lands, to which subsequently the plaintiff had acquired title, the defendant could not claim the reservation of right to sue for the value of such improvements, but judgment should be rendered against such reservation.

7. A title *prima facie* good, in the plaintiff, is sufficient for the foundation of a suit, and where there is nothing legally in the record to impeach it judgment should be rendered, as on a perfect title, as against one with no pretensions to a title.

8. Where a moneyed judgment is claimed on a *quantum meruit* and the witnesses for plaintiff and defendant do not agree on the value, and only one witness on each side is examined, the safe rule is to average the two opinions, but in no case could the claim be rejected *in toto* but at least there should be judgment for the lowest estimated amount.

Taylor vs. Telle.

*Henry Denis* for Defendant and Appellee:

1. It is the prayer of the petition that fixes the character of the action. If plaintiff does not ask to have his title recognized, but only that defendant should surrender possession, the action is the possessory one. 41 An. 704; 33 An. 836; 37 An. 240.

2. One who has never been in possession is not entitled to the possessory action. 24 An. 176; C. P. 46, *et seq.;* C. C. 3536.

3. The manner in which the parties executed the contract shows their understanding of it.  C. C. 1956-1959; Hennen's Dig., p. 1012, No. 7.

4. Article 2474 of the code, which provides that an obscure or ambiguous clause is construed against the vendor, is an extreme remedy, to be used only when other presumptions have failed.   Troplong, De la Vente, Vol. 1, Sec. 256; Demolombe, Vol. 25, Sec. 26; Laurent, Vol. 24, Section 156.

The opinion of the court was delivered by

McENERY, J.   The plaintiff alleges that he is the owner by regular title of Sec. 17 and fractional Secs. 9 and 16 in T. 7. S., R. 15 E., of the Greensburg land district in the parish of St. Tammany; that the defendant residing in New Orleans is in possession of a portion of southwest corner of Sec. 9; a portion of northwest corner of Sec. 16, and a portion of northeast corner of Sec. 17, and that he prevents petitioner from taking possession of and occupying said portions of said sections, and that he is a trespasser upon the lands described in the petition.   The plaintiff set out his several titles to said sections. He claims damages to the amount of $500 for the use and occupation of the land previous to the institution of the suit, and at the rate of $50 per month since judicial demand.

The petition concludes as follows: "Therefore petitioner prays that said Edwin Telle be cited to answer this petition and demand, and that after all due proceedings he be declared to be a trespasser upon the land of petitioner as in this petition described and ordered to vacate and give peaceable possession of the same; that there be judgment against him, said Edwin Telle, for $50 per month from judicial demand until such peaceable possession is given and for $500 damages for previous use of said property."

The defendant filed an exception of no cause of action, which was overruled.   He then answered pleading a general denial.   There was judgment for the plaintiff, decreeing him to be entitled to the possession of Sec. 17 and fractional Sec. 9, a judgment of non-suit as to Sec. 16, rejecting plaintiff's demand for damages and reserving to defendant to sue for the value of the improvements upon Secs. 17 and 9.

The exception is urged in this court on the ground that the action is a possessory and not a petitory action. The exception is not to the form of the action, but to the essential and necessary allegations in the petition. It is a possessory action, and the allegations we think are sufficient to maintain it. They are sufficient from the averments of ownership to support proof of possession.

The plaintiff offered in evidence the title to him of Sec. 16 from the school board of St. Tammany parish. It is admitted that there is a suit pending in the District Court for the parish of St. Tammany, in which defendant and others are plaintiffs against the plaintiff here for title and ownership to said section, which has been tried and is held under advisement. But this is objected to by the plaintiff, as evidence to contradict his title to said section as shown by the deed which he has offered, as the court in case of Telle vs. Taylor, 42 An. 1165, had decided against the defendant's petition to ownership to said section. We do not think the interpretation can be placed on the decree in that case so as to confine plaintiff's title to said section, as it affirmed the judgment appealed from, which was a dismissal of plaintiff's suit.

We will not, therefore, anticipate the decree which may be rendered in the suit pending in the parish of St. Tammany. The conclusions which we have reached, however, render this statement unnecessary.

Art. 49 of the Code of Practice provides that the plaintiff in a possessory action must show that he has "had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient," and that "he should have brought his suit at the latest within the year in which the disturbance took place."

The interpretation placed upon the article of the Code of Practice has been uniform since the case of Ellis vs. Provost et als., 19 La. 251.

Briefly stated, the interpretation of said article is that plaintiff, claiming by possession alone, without showing any title, must show an adverse possession by inclosures and his claim will not extend beyond; that the civil possession is sufficient to authorize the suit, but this must be preceded by an actual corporeal possession, a possession in fact. The civil possession, the naked ownership, without this previous corporeal possession is insufficient; that the previous

corporeal possession of the author of the title will inure to the benefit of the plaintiff. The legal principles enunciated in this case have been invariably followed. Huyghe vs. Brockman, 38 An. 837; Huyghe vs. Brockman, 37 An. 240; Huyghe vs. Brockman, 34 An. 1179; Deuchattel vs. Robinson, 24 An. 176; Davis vs. Dale, 2 An. 205.

The evidence shows that the defendant had been in possession of the portions of sections 16 and 9 for several years before the plaintiff acquired title to the same. The plaintiff has failed to prove that either he or the author of his title ever had actual corporeal possession of said sections. No act of ownership, except the mere naked titles, are shown in the record.

The suit was not brought within the year of the alleged disturbance, and one of the essential elements of the possessory action is wanting. Code of Practice, Art. 49.

For the maintenance of his title and the consequent possession of the portion of these sections upon which he alleges the defendant a trespasser, he must therefore resort to the petitory action.

The plaintiff purchased section 17 from the defendant the 30th day of March, 1886. The survey made by McLaren, offered as evidence, is dated April 16, 1886. This survey was the first intimation that any portion of the land reserved by defendant, in the larger quantity he sold to plaintiff, was a part of that sold by defendant to plaintiff. The land which defendant reserved was inclosed.

The plaintiff had been at his house and probably knew the extent of the property reserved by defendant. It is safe to say that neither plaintiff nor defendant knew how the lines run, or in what manner the several sections were divided. It appears from the record that a part of the land reserved by defendant was embraced in the sale he made to the plaintiff. It is THAT part of this section for which defendant sues for possession.

The corporeal possession of the defendant, the author of plaintiff's title, is sufficient for the basis of plaintiff's suit, as the corporeal possession was continued in defendant's vendee and would continue so long as there was evidence of the intention to possess or own the property.

But the plaintiff, when he acquired section 17, evidently did not know that he had purchased a part of defendant's farm, as *he* had no intention of selling it as a part of said section; or, it would be more correct to say, he did not know that any part of his farm was em-

braced in said section. The defendant therefore remained in the actual possession of said portion of section 17 for five years after the sale to plaintiff. This suit was not therefore commenced within the year when the alleged disturbance took place. For this part also of the land described in his petition, the plaintiff must resort to the petitory action—or a suit for the specific performance of the contract of sale.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that plaintiff's suit be dismissed as in case of non-suit.