Train and Faivre vs. Cronan et al.

Appeals from sentences and judgments in the Criminal District Court of the parish of Orleans must be taken in conformity with the statute regulating appeals in criminal cases.

Judgments forfeiting bonds by said court are controlled by the same statute. State vs. Burns, 38 An. 363.

The judgment of forfeiture was rendered January 17, 1893; the appeal was taken January 15, 1894. The appeal is dismissed.

APPEAL from the Criminal District Court, Parish of Orleans. *Ferguson, J.*

*E. A. O'Sullivan,* City Attorney, for Appellee.

*Jos. D. Kiernan, J. Z. Spearing* and *Bernard Titche* Attorneys for Surety, Appellant.

The opinion of the court was delivered by BREAUX, J.

---

No. 11,362.

MRS. JOHANNA TRAIN AND MRS. NESTOR FAIVRE VS. MRS. CATHERINE CRONAN ET AL.

The rule is that when the opinion of the possessor who holds an object under a title of sale has a just ground, though in fact there is no sale, the opinion is equal to title.

A title defective in form can not be the basis of prescription. By this is meant a title on the face of which some defect appears, and not one that may be found defective by circumstances, or evidence *dehors* the instrument.

APPEAL from the Civil District Court, Parish of Orleans. *Rightor, J.*

*P. M. Milner* Attorney for Plaintiffs and Appellants:

Prescription can not be accepted as intended to perfect titles in cases in which the gravest irregularities and absolute nullities have been propounded. 32 An. 914.

*Henry P. Dart* Attorney for Defendants and Appellees:

When the widow and heir of the dead defendant acquiesce in the execution of a judgment affirmed against him on appeal, after his death, they are estopped to contest the validity of that.

execution. Under such a showing, the burden of proof rests on the plaintiff, not only to establish the original title of their ancestor, but also to establish that they have been illegally evicted therefrom, and that the present possessors of the realty are in bad faith; otherwise the prescription of ten years, pleaded by the defendants, is well pleaded. Patterson vs. Maloney, 38 An. 885; C. C. 3481.

The opinion of the court was delivered by

WATKINS, J.   This is a petitory action instituted by the widow and sole surviving heir of George W. Train, deceased, for the recovery of two lots of ground situated in the sixth district of the city of New Orleans, charging an illegal and simulated sale thereof in August, 1875, under a certain void and illegal judgment and sale, through the instrumentality of which they were dispossessed in the year 1878.

The statement of plaintiff's case, as it appears in their counsel's brief, is as follows, viz.:

" The petition avers that plaintiffs, Mrs. Johanna Train and Mrs. Nestor Faivre, the former the widow of George W. Train, and the latter the only surviving child of said Train, are the owners of the property described therein; that George W. Train died the 19th of March, 1871; that at the time of his decease he was the lawful owner and possessor of the property aforesaid, which plaintiffs have inherited; that said property was acquired by said Train by authentic act of purchase, 12th June, 1866; that the plaintiffs have been illegally dispossessed of same by virtue of an alleged judgment, execution and sale in suit No. 1265 of the Sixth District Court, entitled Garrish vs. George W. Train; that in said suit, pending an appeal to the Supreme Court, George W. Train departed this life; that nevertheless a judgment, *eo nomine*, against defendant was rendered, without making his heirs parties; that his legal representatives were never made parties in the lower court; that the return on a *fi. fa.* to make damages shows that defendant, George W. Train, was dead; that nevertheless the property was sold August 14, 1875; that petitioner remained in possession until some time in 1878; that these proceedings, judgment, execution and sale are absolute nullities. Petitioners aver that defendants, Mrs. Cronan and husband, are

in possession of said property; they charge simulation and bad faith in the successive conveyances; and pray for judgment decreeing the aforesaid judgment, execution and sale and sheriff's deed absolute nullities, and the conveyances under which defendants claim null and void; they pray that they do recover the property and the revenues of which they have been illegally deprived."

The defendant tendered various technical pleas, such as misjoinder of defendants, *res adjudicata*, estoppel, no cause of action, and the prescription of ten years, all of which were overruled except the last, and judgment rendered in favor of the defendant Cronan.

It is from that judgment the plaintiffs have appealed. In this court the defendant and appellee filed an answer to the appeal and requested an affirmance of the same; and, in the alternative that this court should not favorably consider her plea of prescription, she prays that her other demands and exceptions be sustained and that thereupon judgment be affirmed.

To this answer the appellants object and protest, on the ground that it seeks an amendment of the judgment, and that it comes too late, same not being notified to them.

The order of appeal made this case returnable on the first Monday in November, 1893, but it was not fixed for trial until the third of January, 1894, at which time it was not reached, and was therefore continued. It was again set down for trial on the 14th of March, 1894, when it was argued and submitted.

Consequently, the appellee's answer was in ample time, having been filed on the 29th of December, 1893. Appellants were not entitled to any notice of the filing of appellee's answer, and a simple inspection of the record would have furnished them all the information that was necessary. Appellee's brief was filed in this court on the date the cause was first fixed for trial. The objection is untenable.

Taking up the defendant's plea of ten years' prescription, on which the lower judge founded his judgment, we find the facts to be as follows, viz.:

Mrs. Catherine Cronan, defendant, acquired the property in dispute on the 30th day of April, 1892, by purchase from Charles L. Wirth and Ernestine Piper, by a notarial act of sale in due form, which contains the recital that Mrs. Piper acquired title by purchase

from Henry F. Davis, by notarial act, under date July 18, 1878, duly registered in the book of conveyances.

Reference to the act of that date shows that Henry F. Davis sold same property to Mrs. Piper for a valuable consideration, and with full warranty, the act reciting that the property conveyed was the same that the vendor acquired by purchase at sheriff's sale made in the suit of Joseph Garrish vs. G. W. Train, No. 1625 on the docket of the Sixth District Court of the parish of Orleans, on the 14th of August, 1875, the sheriff's deed bearing date February 9, 1878, and likewise duly recorded. '

The *proces verbal* of the sheriff's sale was not put in evidence, but a conveyance certificate was introduced, and it. shows the fact of the sheriff's adjudication as recited in Davis' deed, and gives full particulars of date and description.

The defendant states as a witness that she purchased the property as stated in her title and paid the purchase price. That, before purchasing, she had a lawyer to examine the titles to the property, and he pronounced them good, and on the faith of his report she made the purchase. That soon after her purchase she went into actual possession of the property and commenced the erection of a house, when this suit was brought. That at the time of her purchase she was not aware that there was any complaint about the titles to the property.

The defendant's title is traced back to the sheriff's sale made under executory proceedings in 1878, under which G. W. Train was divested of possession and Henry F. Davis, adjudicatee, was placed in possession, under an order of court, and in which the plaintiff evidently acquiesced.

Referring to the record of the suit of Joseph Garrish vs. G. W. Train, in this court—which is brought up in the original—we find that the order of seizure and sale bears date October 18, 1870, and was predicated upon an act of special mortgage of date April 20, 1867—just one year subsequently to his purchase of the property from Pliny Earl Davis, the title on which the present suit is founded.

The defendant appealed suspensively from the order, and the appeal was presented and decided on an assignment of errors, and the decree of this court confirmed the order and awarded ten per cent. damages.

We find nothing in the record to show that the defendant was dead

at the time judgment was rendered, on the 20th of April, 1874; and the extracts in evidence from the Sixth District Court show that the purchaser was put in possession of the property in pursuance of an order of court.

We think there can be no question of the defendant's title being perfected by the prescription of ten years under a title translative of property, under the principles announced by this court in Patterson vs. Malony, 38 An. 885.

Judgment affirmed.

Rehearing refused.