PROVOSTY, J.
This is a petitory action. Plaintiff relies solely on prescription. The land in controversy is that referred to as “the second concession” in the following description, which is admitted to be word for word the same in all the several deeds constituting plaintiff’s chain of titles, to wit;
“A certain portion of land, together with all the buildings, customs, ways, servitudes, or appurtenances thereunto belonging or in any wise appertaining, situated in this parish, about three miles below this city of New Orleans, on the same side of the Mississippi river, measuring one and a half arpents front on the public *402 road by forty arpents in depth, with the right of the second concession made by the French government on the 17th day of May, 1758.”
No evidence was offered of a “concession” having ever been made by the French government. And since none was relied on when one of the predecessors in title of plaintiffs sought to obtain from the board of commissioners for the Eastern district of the territory of Orleans confirmation of his claim to this land, the inference would be that none was ever made.
The matter was brought before said board twice.
On the first occasion, the board confirmed the claim to the front concession, or as far back as the 40-arpent line from the river, saying that:
“It appearing to the board that the claimant did actually inhabit and cultivate the front and ordinary depth of the land on the 20th of December, 1803, and for more than 10 consecutive years prior, they hereby confirm his claim to the extent of 40 arpents depth, but reject his claim to the balance.”
On the second occasion, the claimant brought up again his claim to that part of the land with respect to which, on the first occasion, confirmation had been denied. The board again rejected the claim, saying:
“The claimant shows no other foundation for his title to this second depth than having occupied the front, and having occasionally supplied himself with timber from this second depth. According to the laws, usages, and customs of the Spanish government, no front proprietor, by any act of his own, could acquire a right to lands further back than the ordinary depth of 40 arpents, and although the Spanish government invariably refused to grant the second depth to any other than the front proprietor, yet nothing short of a grant or warrant of survey from the governor could confer a title or right to the land. We are therefore of opinion that the claim ought to be rejected.”
But, if a grant was in fact made by the French government, nothing shows that it extended any further back than the 40-arpent line from the river, or that by the words “with the right of the second concession,” which occur in the description of the land in the several deeds composing plaintiffs’ claim of title, was meant anything more than the right of preference which the Spanish and French governments, and after them our own government, accorded to the owner of any tract of land bordering on any river, bayou, etc., in becoming the purchaser .of the land adjacent to and back of his own tract, not exceeding 40 arpents in depth;’ this second depth of 40 arpents being known as the “back or second concession.” Acts Cong. June 15, 1832, e. 140, 4 Stat. 534.
The right of preference thus accorded to the front proprietor was an inchoate right to the land, which he could sell, and which gave him the right to claim damages for trespass on the land. Terrill v. Chambers, 12 La. 581. It was this right which plaintiffs’ several predecessors in title had in mind when, in selling the front 40 arpents concession, they added to. their description the words “with the right of the second concession.”
But this right of preference vanished when a patent to this back, or second, concession was issued by the government to defendant’s authors in title. From and after the issuance of this patent, this right of preference no longer existed, and the deeds which purported to transfer it transferred nothing at all. These deeds did not purport to transfer the property itself, but only this right of preference; henoe they cannot serve as a basis for acquiring the property, whether by prescription or otherwise.
Another reason why plaintiffs cannot avail themselves of the prescription of 10 years — and which applies equally to that of 30 years — is that neither they nor their predecessors in title have had possession. The land is part of what was until recently a swamp and jungle. It is situated about a mile back in this swamp and jungle, which is a vast area, extending for miles, water-covered and unhabitable, with no fences or anything else to mark the limits of the dif *404 ferent tracts composing it. Plaintiffs show no acts of possession, except the occasional cutting of eordwood and making of staves, and the hauling or floating out of same, and the payment of taxes in some years — acts which are entirely insufficient to show possession of swamp land, as has been repeatedly held.
Judgment affirmed.