————o————

### No. 5876.

## GEORGE A. HERO vs. E. E. FRIEDRICHS, ET AL.,

### (Heirs of August Reggio, Intervenors.)

### Syllabus.

1. The expression "double concession" originated from the right of preference which the French and Spanish governments, and afterwards our own, accorded the owner of any tract of land bordering upon a river or bayou, in becoming the purchaser of the land adjacent to and back of his own tract, not exceeding an additional 40 arpents in depth. The land had

to be taken within the extended side lines of the front tract having originally 40 arpents in depth.

2. The words "double concession," in a sale of a tract of land "with the double concession in the rear," includes only those lands in the rear which are contained within the extended side lines of the front tract.

Appeal from the 29th Judicial District Court, No. 964, Honorable R. E. Hingle, Judge.

Woodville & Woodville, for appellants.

James Wilkinson, for Intervenor, appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This suit involves the title to a tract of swamp land in the Parish of Plaquemines.

It is admitted that Auguste Reggio formerly owned "a sugar plantation" on the Mississ ippi River measuring 35 arpents front by 40 arpents in depth **"with double concession in the rear."** The origin of this "double concession" is not shown.

Afterwards Auguste Reggio sold to Octave Reggio a tract at the lower end of the plantation measuring 10 arpents front on the river by 40 arpents in depth; but no mention was made of the **"double concession."**

And still later Auguste Reggio sold to plaintiff's author the remaining 25 arpents front on the river by 40 arpents in depth **"with the double concession in the rear."**

The lands in dispute are those situated immediately in the rear of the 10 arpent tract sold to Octave Reggio; and the question presented is whether Auguste Reggio divested himself thereof by the sale of the remaining 25 arpents **"with the double concession in the rear."**

We must therefore seek the meaning of the words "double concession."

It is an expression of no fixed legal signification, and originated from "the right of preference which the French and Spanish governments, and afterwards our own Government, accorded the owner of any tract of land bordering on any river, bayou, etc, in becoming the purchaser of the land adjacent to and back of his own tract, not exceeding (an additional) 40 arpents in depth."

Howell vs. Land Co., 127 La., 402.

As the lands had to be taken between the extended side lines of the front tract, the usual depth of which was 40 arpents, the rear concession came to be called the "double concession," because it doubled the original area and depth of the front tract.

The lands which might thus be purchased were swamps, incapable of cultivation and inaccessible except by way of the lands in front. But as a sort of appurtenance to the plantation in front, as a source of supply for timber and fuel, and as affording a pasturage for farm animals, this rear concession added considerably to the value of the front tract.

When sold with the plantation, as invariably they were, it was not by describing these rear lands as a distinct tract adjoining the one in front, but always by joining them to the front tract through the loose expression "together with the double concession in the rear."

Thus we find the government granting to the proprietors of front tracts the right to **double the depth** of their original holdings; and these front proprietors treating these rear concessions merely as giving **additional depth** to their plantations.

So that to the ordinary mind, a tract of land 40 arpents in depth with a double concession in the rear, means noth-

ing else than a tract of land having the double depth of 80 arpents instead of the original 40 arpents depth.

We therefore think that the words "double concession," in a sale of a tract of land "with the double concession in the rear," include only those lands in the rear which are contained within the extended side lines of the front tract. We think that where the parties intend otherwise they would express themselves differently, and give to the tract sold a description somewhat more certain than "the double concession in the rear," without designating any particular concession.

The District Judge held that August Reggio had not been divested of his title to the land in dispute, and we are of opinion that he held correctly.

Judgment affirmed.

Opinion and decree, June 23rd, 1913.

Rehearing refused, July 21st, 1913.

Writ denied, October 3, 1913.