(111 So. 166)

No. 27948.

INDUSTRIAL LUMBER CO. v. FARQUE et al.

(Nov. 29, 1926. Rehearing Denied Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Adverse possession** ⊖⟹27—**Prescription; evidence of surveying swamp land, marking stakes thereon, and stripping land of merchantable timber held to support plea of prescription, where employee was kept in charge thereafter (Code Prac. art. 49; Civ. Code, art. 3442).**

One acquiring title through widower's conveyance, which was unrecorded, *held* to have sustained plea of prescription to swamp land by taking physical possession by surveying and building railroad across land, stripping land of timber, and by keeping employee on lands thereafter, in suit against persons claiming title through succession of widower's first wife, whose sole claim to possession was that one of defendants had taken logs from land for personal use, as plaintiff had actual possession followed by civil possession sufficient to support possessory action, under Code Prac. art. 49, and Civ. Code, art. 3442.

2. **Husband and wife** ⊖⟹252—**Patent issued to widower made land paraphernal property, though property was entered during lifetime of wife, who left minor heirs.**

Where husband entered on property, and wife died pending proving thereof, leaving minor heirs, land on issuance of patent became paraphernal property of widower.

3. **Ejectment** ⊖⟹16—**Possessory action; person who had actual possession may institute possessory action by virtue of subsequent civil possession (Civ. Prac. art. 49).**

Under Civ. Prac. art. 49, person disturbed in possession may institute possessory action to recover land by virtue of civil possession, where possession was originally acquired by actual detention of property and preserved and maintained by intention to possess.

4. **Adverse possession** ⊖⟹84—**Prescription; notary, before whom title passed to plaintiff's grantor by unrecorded deed, could not assert prescription under subsequent deed as against plaintiff, not being possessor in good faith (Civ. Code, art. 2251, as amended by Act 48 of 1890, p. 40).**

Notary, before whom deed was passed from widower, which deed was unrecorded, widower's grantee having conveyed to plaintiff, could not, as possessor in good faith, claim prescription as against plaintiff under deed subsequently acquired from widower on succession of his wife and as tutor ad hoc for minor children, in view of Civ. Code, art. 2251, as amended by Act 48 of 1890, p. 40, requiring notaries to deposit deeds passed before them with parish recorder.

5. **Adverse possession** ⊖⟹23—**Prescription; cutting and removing posts and logs from swamp land for personal use held not to constitute basis for prescriptive right (Civ. Code, art. 3487).**

In action to establish rights of property by prescription, that persons claiming title through widower's succession cut and removed fence posts and logs from swamp land for personal use does not constitute sufficient possession and assertion of ownership to form basis for acquisition of property by prescription, in view of Civ. Code, art. 3487, requiring possession to be continuous and uninterrupted.

6. **Adverse possession** ⊖⟹40—**Prescription; actual possession to give right of civil possession need not exist for one year.**

Though civil possession as basis for plea of prescription is required to be preceded by actual possession under Civ. Prac. art. 49, actual possession need not be for period of one year.

O'Niell, C. J., dissenting.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Thomas F. Porter, Jr., Judge.

Action by the Industrial Lumber Company against Joseph Clifford Farque and others. Judgment for plaintiff, and defendants appeal. Original decree amended, and, as amended, entered as final judgment.

Cline & Plauche, of Lake Charles, J. E. Price, of Houston, Tex., and Thigpen, Herold, Lee & Cousin, of Shreveport, for appellants.

White, Holloman & White, of Alexandria, for appellee.

BRUNOT, J.  This suit was instituted as an action in jactitation. The defendants, in their answers, deny that plaintiff has any title in the property involved in the suit, but set up title thereto in themselves. Both the plaintiff and defendants plead the prescription of 10 years acquirendi causa.

Whether this is a possessory or petitory action, or whether it is merely a suit for slander of title, are issues which need not be discussed here, for, in our opinion, the trial judge correctly found, as a fact, that plaintiff took physical possession of the property shortly after the recordation of its deed thereto, and, after some months of actual occupancy, it has had uninterrupted civil possession for more than ten years. A judgment was therefore rendered maintaining plaintiff's plea of prescription and rejecting the defendants' demands. The appeal is taken from that judgment.

The tract of land in controversy is the E. ½ of the N. E. ¼ of section 25, Tp. 9 S., R. 13 W., and is located in the parish of Calcasieu. It is unimproved and uninclosed marsh and cut-over timber lands, unfit for agricultural purposes.

[1, 2] The property was entered by Joseph S. Farque in 1889, during the existence of his first marriage. His wife died in 1891, leaving two minor heirs, issue of the marriage. In 1894 Farque made final proof and the land involved in this suit was patented to him. Farque was a widower when the patent issued, and therefore the lower court properly held that the land was his paraphernal property. In 1900 Farque sold the property to R. W. White. The deed was executed before Samuel A. Fairchild, notary public, but this deed was not recorded. At a later date, but during the same year, R. W. White sold the property to the Industrial Lumber Company, a Texas corporation, which was later reorganized as a Louisiana corporation, the plaintiff in this suit. The deed from White to plaintiff was also passed before Samuel A. Fairchild, notary public. This deed was promptly recorded, and a short time thereafter plaintiff entered upon and took physical possession of the property, had the land surveyed, had levels run thereon, placed marking stakes on all four sides of the property, 200 feet apart, built a tram railroad across it, and continued active operations thereon for about four months, during which time it cut and removed from the land approximately 250,000 feet of merchantable timber, which was all the timber of value thereon. After these operations were completed, plaintiff employed a man to look after this and other lands in the vicinity belonging to it, and has had an employee serving in that capacity continuously since that date. In addition to these acts of ownership and possession, plaintiff sold a canal right of way across the land, and has executed leases thereon for oil development purposes. Since the date of the deed from White to plaintiff the land has been assessed to and plaintiff has paid the taxes thereon.

In summing up the acts of plaintiff's ownership and possession, the learned trial judge says:

"The defendants first urge that these acts do not constitute such possession of the property as to enable the plaintiff to maintain this action, but in this contention the court is una-

ble to agree. Plaintiff holding under a chain of title coming from the government, after placing its deed, valid in all respects, on record, went into actual, physical possession of the property, built a tram railroad across it, cut and hauled away from the land all of the timber suitable for use, physically occupying the land for three or four months. Defendants in their brief admit the good faith of the plaintiff and the truth of the testimony as to physical possession of the property by the plaintiff for three or four months is clear. After this period plaintiff maintained such possession and exercised such powers of ownership as are usual and customary or reasonable under the facts. The land was part marsh and the remainder cut over pine land, unfit for cultivation. Plaintiff paid the taxes thereon, paid a man to look after it, had it surveyed, had levels run on it, placed stakes at short intervals around the tract, gave a mineral lease thereon, granted a canal right of way and granted and refused permission to different parties to cut and remove wood therefrom."

"In the case of South La. Land Co. v. Riggs Cypress Co., 119 La. 193, 43 So. 1003, this court while holding that the facts in that particular case did not constitute the possession necessary to support the possessory action, had this to say as to the possession of swamp land:

"'There may be physical possession of swamp lands, the value of the land is in the trees. To cut them down and take them away requires considerable preparation and the use of different appliances. It may be that the mere cutting down of a few trees is not possession. It is different where operations are carried on with a view of pulling a number of trees, and when at every returning season work is done. The sound of the woodman's axe is heard; the stir of the hands; the swamp boat going up and down the small streams; its resounding whistle heard—all go towards denoting possession.'

"Plaintiff at least had civil possession after the three or four months of actual physical possession, and physical possession followed by civil possession is sufficient to support the possessory action. C. C. art. 3442; Handlin v. Weston Lbr. Co., 47 La. Ann. 401, 16 So. 955; Sallier et al. v. Bartley, 113 La. 400, 37 So. 6; Jones et al. v. Goss et al., 115 La. 926, 40 So. 357."

[3] This court's interpretation of article 49, C. P., has been uniform since the decision handed down in 1841, in the case of El-lis v. Prevost, 19 La. 251, wherein the court said:

"Possession is acquired by the actual and corporal detention of the property; this is natural, or possession in fact; and it is preserved and maintained by the mere will or intention to possess, and this is civil possession, or possession in right. So where a person is disturbed in his possession, he has the right, within a year, and by virtue of his civil possession, * * * to institute the possessory action to recover it."

From the many authorities in point, we will cite, as a concise and clear statement of the rule, the case of Joseph D. Taylor v. Edwin Telle, 45 La. Ann. 124, 12 So. 118.

The defendants are S. A. Fairchild, Bassett Blakely, and H. G. Nelms. They claim to have acquired the property in dispute by a valid title, and that they and their authors in title have been in actual, open, public, continuous, and unequivocal possession of it since the year 1889.

The record discloses that the defendants' asserted title to the property was acquired in the following manner: About two years after Farque sold the property to White and after the plaintiff had acquired it from White, took actual possession of it and denuded it of all of the merchantable timber thereon, Farque opened the succession of his first wife, and, as tutor ad hoc to the two minor children, the issue of his first marriage had these children recognized as the owners of an undivided half interest in the property, and, on the advice of a family meeting, sold the alleged interest of these minors in the property, at private sale, to S. A. Fairchild. Fairchild thereupon assumed ownership of the whole property and sold the S. E. ¼ of the N. E. ¼ of the land to Isaac Cormier, who later sold, according to the same description, to H. G. Nelms. Fairchild subsequently sold an oil and mineral lease on the N. E. ¼ of the N. E. ¼ of the land to Bassett Blakely and granted an oil and mineral lease on the same land to H. G. Nelms.

[4] With particular reference to defendant Fairchild, it may be said that, as he was the notary before whom the deeds from Farque to White and from White to the plaintiff were passed, he must be charged with notice of those deeds, especially as the deed from White to plaintiff was immediately recorded, and presumably by himself, for the law requires:

"It shall be the duty of all notaries public within this state, without the limits [of] the city of New Orleans to deposit in the office of the parish recorder of the parish in which the property is situated within fifteen days, at fartherest, after the same shall have been passed, the original of all acts of sale, exchange, donations, and mortgage of immovable property, passed before them, and in the order of their respective dates, first making a careful record of said acts in their record books. * * * All notaries without the limits of the city of New Orleans, who may contravene the provisions of this article, shall be liable to a fine of one hundred dollars for each infraction of the same, to be recovered before any court of competent jurisdiction, one-half for the benefit of the informer, as well as all such damages as the parties may suffer thereby." Article 2251, C. C., as amended by Act 48 of 1890, p. 40.

Act 48 of 1890 was in effect when the sale from White to the plaintiff was passed. It is also noted that the defects in the title by which Fairchild claims to have acquired the property, are patent upon its face. It is therefore apparent that Fairchild is not a possessor in good faith, and for this reason he is debarred from pleading prescription in this case. Hall & Turner v. Mooring, 27 La. Ann. 596; Barrow v. Wilson, 38 La. Ann. 209; Pattison v. Maloney, 38 La. Ann. 885; Train v. Cronan, 46 La. Ann. 551, 15 So. 368; Green v. Moore, 44 La. Ann. 855, 11 So. 223; Heirs of Dohan v. Murdock, 41 La. Ann. 497, 6 So. 131.

[5] The defendants Blakely and Nelms do not appear to have exercised any acts of possession, but Cormier, the immediate author of Blakely's alleged title, cut and removed from the land, for his own use, some fence posts and a few green logs and hauled pine knots therefrom. Such acts do not constitute the possession and assertion of ownership required by law as a basis for the acquisition of property by prescription. R. C. C. art. 3487; Moore et al. v. Pontalba, 13 La. 571; Railsback v. Keith, 142 La. 747, 755, 77 So. 586; Gardner v. Leger, 5 La. Ann. 594; Howell et al. v. Metropolitan Land Co., 127 La. 399, 53 So. 664; Bayard v. Baldwin Lumber Co., 157 La. 994, 103 So. 290; Frederick v. Goodbee, 120 La. 783, 45 So. 606.

[6] Defendants do not contend that continuous physical possession is necessary to support plaintiff's plea of prescription. Their contention is that civil possession must be preceded by actual possession for at least one year. We know of no authority which supports this proposition. It is also contended that plaintiff's possession was interrupted by the acts of defendants. We have found that Fairchild was a purchaser in bad faith, and that none of the defendants ever had actual possession of the property.

The proof in the record conclusively shows that the land in dispute was never inclosed or improved at any time, with the exception of a "small patch" around which Joseph T. Farque at one time built a fence, but all evidences of this inclosure had disappeared before Farque sold the land to White. It is also shown that the land was not segregated from the public domain until 1894, during which year Farque made his final proof and obtained a patent to it.

For the reasons stated, we find that the judgment appealed from is correct, and it is therefore ordered that our original decree herein be amended to the extent of sustaining the plea of 10 years' prescription acquirendi causa, filed by the plaintiff, and, as thus amended, that it be reinstated and made the final judgment of this court.

O'NIELL, C. J., dissents.

The right is reserved to apply for a second rehearing.