JOSEPH GILLARD and others, Heirs, &c., *v.* SAMUEL GLENN, and others.

Actual possession of part of a tract of land, with title to the whole, is possession of the whole; but the party alleging such possession must show fixed and certain boundaries to the tract, the whole of which he claims by establishing actual possession of a part, otherwise possession of a few acres might be extended to any number, according to the interest of the party.

THIS action was instituted by the heirs of Joseph Gillard, and the heirs of Mary Magdelaine La Cour, and Nicholas La Cour, against Samuel Glenn, Sarah Duncan, and James McWilliams, before the District Court of Rapides, the 19th of October, 1839.   A judgment was entered, by consent, against McWilliams; and the jury having found for the defendants, Glenn and Duncan, judgment was rendered by *Wilson*, J., quieting them in their possession.

*Elgee*, for the plaintiffs.

*Thomas* and *Dunbar*, for the appellants.

GARLAND, J.*   The plaintiffs allege, that for more than a year they had, in common, enjoyed, and held peaceable and uninterrupted possession of a tract of land of twenty *arpens* front, by the ordinary depth, on Red River, and also the upper part of a league

---

*By agreement with the counsel engaged in this case, the opinion of the court was prepared after the return of the Judges from the Western District; and was delivered in New Orleans, the 31st of January, 1842.

square of land on the same stream, when the defendants entered upon the same, and forcibly and clandestinely took possession of small parcels thereof, within a year, and continue to hold possession, thereby disturbing them in the use and enjoyment of their property, to their great damage. They therefore pray that the defendants be condemned to surrender the possession of all the land they hold or have taken actual possession of, within the year preceding the institution of this suit.

To this petition, Glenn answered, that he and those under whom he claims had been in quiet and peaceable possession of the premises for more than twenty years; that Isaac Thomas was his vendor, and bound to warrant him in his possession; he prays that Thomas be cited, and that he have judgment against the plaintiffs; but should they succeed against him, he asks for judgment against Thomas. He also denies the plaintiffs' allegations generally.

The defendant, Duncan, denies the allegations of the plaintiffs; avers that she had been in actual possession and residing on the place more than one year previous to the institution of the suit; says she is the tenant of Isaac Thomas, and calls upon him to defend her in her possession, and prays for judgment against the plaintiffs. No answer was filed by McWilliams, and subsequently a judgment by consent was rendered against him, without costs.

The plaintiffs excepted to the answers of Glenn and Duncan, calling Thomas in warranty, which exception being sustained, Thomas immediately appeared, and prayed to intervene in the suit, alleging that he was the vendor of Glenn, and the lessor of Duncan; that they were in possession under him, and that he was bound to defend them. He further says that he has a valid title to the land sold to and claimed of Glenn, and also to that claimed of defendant, Duncan; he therefore prays to be permitted to appear and defend the cause in their stead. He then proceeds to deny generally, the demand of the plaintiffs, and says that he and his vendee, and tenant for him, have for more than one year been in quiet and uninterrupted possession of the land claimed, and for a longer period, in good faith; wherefore he says, neither he nor his vendee, nor tenant can be legally disturbed in their possession; he therefore prays for a judgment in his favor. Sub-

sequently, he filed an amended answer, in which the prescription of one year is specially pleaded to the plaintiffs' demand.

The parties went to trial on these pleadings. The plaintiffs showed that they were in actual possession, and that they lived on, and cultivated the front part of the lands claimed by them; which they show are held under the same titles set up by them in the case of *Maes* v. *Gillard's heirs*, which was decided by this court and reported in 7 Martin N. S. 314. They claim in conformity to the judgment rendered in that case, and exhibit it, and their titles, to show the character and extent of their possession. It does not appear that any actual survey, according to the judgment of this court, was made by the plaintiffs, previous to the defendants taking possession of the land claimed, or for some five or six months afterwards, when the interference was distinctly shown; and it is not pretended that the plaintiffs had any other possession of the places in dispute, than that of being the owners of a large tract which included them, the boundaries of which were not at the time specifically fixed.

On the part of the defendants, it is established by the evidence of several witnesses, stating what they had seen, and by other circumstances, which go to fix the period, that Isaac Thomas claiming to be the owner of a tract of forty *arpens* front on each side of the Bayou Taureau, by the ordinary depth; about the 8th of September in the year 1828, went to the place with a United States surveyor, acting, as is stated, under the authority of the surveyor general of the United States, and proceeded to mark the lines, establish the corners, and locate the claim. Glenn, one of the defendants, was present, and Thomas having sold him four hundred *arpens* of the land, put him in possession of that quantity on the lower line, by marking it off to him. Glenn, early in October went on the place again, with negroes, and began to improve it by building cabins and clearing land. He shortly after removed his family to the place, and it is shown, that in 1829, he had twenty five or thirty acres in cultivation near the lower corner on the back line. His possession was open and notorious, and he remained in possession for a long time subsequent to the commencement of this action.

As to Sarah Duncan, the other defendant, it is in evidence that

her son was with Thomas and the United States surveyor, when the survey was made in September, 1828, and that on that day, when the corner on the upper line was established, he, Thomas, put the young man in possession for his mother, at an old Indian clearing. The next day he began to prepare the materials to build a cabin, and in two weeks after the family was residing in it, and in 1829, had some six or eight acres enclosed, and in cultivation; and he continued so to reside and cultivate, until after the institution of this suit. One Pamphlin also leased another portion of the land from Thomas, lying on each side of the Bayou Taureau, but as she is no party to this suit, it is not necessary to notice the fact, further, than as it proves an intention to take possession of all the land within the limits marked out by the surveyor.

It is further to be remarked, that when Thomas made this survey, and took possession as stated, the case of *Maes* v. *Gillard's heirs,* was still pending in the supreme court, with a judgment of the district court against the defendants, now plaintiffs, both on the questions of title and possession, which case was not decided in favor of the present plaintiffs until about a month or six weeks afterwards. The boundaries of the plaintiffs were therefore unsettled, and the decision of the case with *Maes* changed them materially.

There was a verdict and judgment for the defendants, from which the plaintiffs have appealed.

We have given a large share of our attention to this case, and after mature reflection we are of opinion that the plea of prescription must prevail.

In the first place, it is necessary to attend to the prayer of the plaintiffs' petition. It is, that they recover possession of all the land which the defendants have taken actual possession of, within the year preceding the institution of this suit. This looks like an indirect admission that some had been taken possession of more than one year previously, and at most it only asks for what was in actual possession, which quantity has not been shown. The plaintiffs have not therefore made their demand certain as to the quantity taken possession of within the year, nor does it appear they were in possession by any definite boundaries for more than

one year previous to the institution of their suit. 10 La. 465. Code of Pract. art. 49. When a party alleges possession of a large tract of land, and shows actual possession of a part only, as evidence of his right to the possession of the whole, he must show specific and fixed limits and boundaries, otherwise an actual possession of ten arcres might be made to extend to one hundred, or one hundred thousand, as it suited the interest of the party. Actual possession of a part, with title to the whole, is no doubt possession of the whole, but there must be some fixed limits to the whole tract claimed. Civ. Code art. 3400. 7 La. 256.

In September, 1828, it is certain that the plaintiffs were not in possession by any ascertained boundaries or particular limits. Their suit with *Maes* was still pending, and according to the pleadings in that case, he was in possession and suing for a disturbance and slander of title.

From the evidence before us, we cannot doubt that Thomas made his survey in the month of September, 1828, and at that time put Glenn and Duncan in possession of the places they afterwards occupied; and that they took actual possession more than one year previous to the 19th of October, 1829, when the petition in this action was filed. The testimony of Meade, McWilliams, Blundel, Kilpatrick, and the notice in the Alexandria newspaper, show it conclusively.

The counsel for the plaintiffs, who argued this cause with much force and ingenuity, insisted strongly that the plaintiffs had also a civil possession, which conflicted with the possession of defendants, and that no prescription could run. In reply to this, we must refer to what has been previously said, as to the uncertain extent of plaintiffs' possession, if they ever had any, previous to their judgment against *Maes;* and further say, that the gist of the plaintiffs demand is that they have been disturbed in their possession, or actually put out of it. The question then is, when did this ouster or disturbance take place? We have no doubt it commenced more than one year previous to the commencement of this suit. Civ. Code art. 3412. Code Pract. art. 49. 1 Martin N. S. 17. 3 Id. 117.

*Judgment affirmed.*

In the cases of *Gilbert McKeckney* v. *René Perot*, and *Paul Tulane and another* v. *Charles E. Greneaux and another*, from the District Court of Natchitoches, and of *Bernard Hemken* v. *Thomas Wafer*, from the District Court of Claiborne, the judgments of the lower courts were affirmed, at this term, with damages for frivolous appeals.