Statement.
MONROE, J.
The plaintiffs in this case, which was filed in June, 1903, are the curator of Anselm Sallier, Sr., an interdict, and his children and grandchildren, and they allege that during the existence of the community between said Sallier and his now deceased wife, to wit, in 1885, said community acquired two lots of ground, Nos. 17 and IS, *401 in the town of Lake Charles, containing 9.22 acres each, and that said community and said Sallier have been in possession thereof as owners ever since that time, “with the exception of the trespass and forcible entry by which one Thomas Bartley [the defendant] took possession of a part thereof, * * " on the 24th of February, 1903, and put up a building, with inclosures, * * * on the northeast corner of lot No. 17.” They further allege that a tax adjudication, of June 5, 1880, under which defendant claims, • is inadmissible in this “possessory action,” and is, moreover, void and of no effect; and they pray for judgment ejecting the defendant, ordering • him to remove the buildings mentioned and to reinstate the inclosures, and condemning him in damages.
Defendant alleges that the plaintiffs are not, and never were, the owners or possessors of lot 17, and alleges that he purchased said lot in good faith from J.' E. Le Besse, who acquired at the tax sale referred to in the petition, which, he ávers, is valid, and ■is protected by the prescription of three years under article 233 of the Constitution. 1-Ie further alleges that he is in possession of said lot and has placed improvements thereon at a cost of $3,000, and, calling his vendor in warranty, he prays that plaintiffs’ demand be rejected, or, in the alternative, that he have judgment for the purchase price of the lot and the cost of the improvements. Le Besse excepts that, the action being possessory, the defendant cannot call his vendor in warranty. There was judgment for plaintiffs, quieting their possession and rejecting defendant’s demands, reserving to him the right to remove his improvements, sue for their value, or bring a petitory action. The defendant has appealed, and the plaintiffs' have answered, praying that the judgment be amended by allowing him the damages claimed in the petition.
It is shown that the Salliers went into possession as owners of the two lots in question nearly 20 years ago, and occupied them, for residential, farming, and grazing purposes, without disturbance of any kind, until 1890, when a railroad was built across the northeast corner of the tract, as appears on the subjoined sketch, under the authority of J. E. Le Besse, who claims to have acquired lot 17 from the adjudicatees at a tax sale made in 1886.

Le Besse testifies that he has paid the taxes since his purchase, but has never taken actual possession of the property. o He, however, sold or granted the right of way to the railroad company, and the company has occupied the right so granted since it was made, though the plaintiffs have a suit now pending against it for the alleged trespass. In the meanwhile the Salliers have continued to live, as they had been living, to the south of the railroad, with such fencing as they chose to put up. They have not fenced, or kept under fence, that portion of the tract which lies north of the railroad, and the *403 defendant, claiming title under Le Besse to the whole of lot 17, appears to have allowed his relative, J. W. Bartley, to improve and settle on it; and the latter, having established himself on the northeast corner of said lot, in February, 1903, crossed the railroad and threw down some of the plaintiffs’ fencing on the south side, whereupon this suit was brought. The defendant sets up neither title to nor possession of any part of lot 18, and the plaintiffs show that their original possession of the whole of both lots has never been abandoned, and has never been disturbed, save by the occupancy of the railroad company of the right of way which separates the northeast from the southwest corner, and by the disturbance of which they here complain.
Opinion.
The plaintiffs, having been in actual possession of the entire tract when the railroad was constructed diagonally across it, may have lost their possession of so much of it as is occupied by the road, and they may not, thereafter, have made the same use of the land lying to the north of the road as of that lying immediately about the residence occupied by them to the south. They, however, held the whole tract by the same title, their actual possession extended to every part of it, and the intention to possess preserved the civil possession of that part which it was no longer convenient to use, whether there were inclosures or not, and is sufficient for the purposes of the present action. Civ. Code, arts. 3429, 3437; Gillard v. Glenn, 1 Rob. 159; Ellis v. Prevost, 19 La. 251; Taylor v. Telle, 45 La. Ann. 126, 12 South. 118; Handlin v. Lumber Co., 47 La. Ann. 401, 16 South. 955. The damages claimed by the plaintiffs are not proved,, and the only evidence on the subject of the improvements for which the defendant makes claim goes to show that they do not belong to him.
Judgment affirmed.