PROVOSTV, J.
This is a possessory action. The land involved is the E. % of section 28. It is part’ of the open prairie, its boundaries having never been marked otherwise than by the corner posts of the original government surveys.
*477 Plaintiffs are the undisputed owners of‘-the other half of the section, and also of the two contiguous sections, the three sections forming one body of land. They are also the undisputed owners of a much larger body of land in the immediate neighborhood, but disconnected. Their title embraces the land in dispute. Their lands are looked after by an agent; they being residents of Alabama.
Some 14 years before the institution of this suit, and 10 years before the deed upon which defendants’ claim of title is based, a part of the W. % of section 28 was fenced in and cultivated by tenants holding under plaintiffs. How much was thus fenced is not shown, nor how long the occupancy continued; but it continued long enough for the making of at least one rice crop, and it constituted a distinet, unequivocal possession by the plaintiffs.'
Hence plaintiffs were at one time the actual possessors of a part of section 28, with title to the whole. This, under the Code and under familiar jurisprudence, made them the actual possessors of the whole. Article 3437, Civ. Code; Sallier v. Bartley, 113 La. 403, 37 South. 6; Handlin v. Lumber Co., 47 La. Ann. 404, 16 South. 955; Levy v. Gause, 112 La. 790, 36 South. 684. And actual possession, once begun, is continued by mere civil possession, so long as not ousted by a counter actual possession of one year. Civ. Code, arts. 3443, 3429; Gillard v. Glenn, 1 Rob. 159; Ellis v. Provost, 19 La. 251; Taylor v. Telle, 45 La. Ann. 124, 12 South. 118 ; Handlin v. Lumber Co., 47 La. Ann. 403, 16 South. 955; Levy v. Gause, 113 La. 790, 36 South. 684.
In further proof of their actual possession, the plaintiffs have shown the following: During the recent War with Spain the father of the defendants fenced in and made a crop of providence rice on a part, of the land in dispute, but vacated voluntarily, on being notified by plaintiffs’ agent and shown plaintiffs’ title; and about four years before the present suit he solicited and obtained the consent of plaintiffs for the construction of a dam upon the land, for the purpose of backing up the water upon adjoining lands. Again, every one of the numerous witnesses who testified in the case, without, we believe, one exception, barring the defendant Mrs. Goss, says that the land was reputed to belong to plaintiffs, and was known as “Jones’ Land.” Again, one of the defendants witnesses, wishing to fence in a part of the land for pasturage, applied to the agent of plaintiffs. Finally, section 28 was assessed to plaintiffs every year, beginning with 1887, and the taxes were regularly paid by plaintiffs.
As against this defendants have, indeed, very little ,to offer. One of them seems to be a mere nominal defendant; the other, Mrs. Goss, obtained a quitclaim title in 1890, and at that time, for the purpose of taking possession, caused one or two furrows to be plowed around the land. This was four years before the bringing of the present suit. These furrows were seen by some of the witnesses, but they escaped the attention of plaintiffs and of defendants’ witness Ledoux, who passed over the land. Perhaps grass had grown over them and hidden them. Under the advice of her counsel the defendant undertook to build a house on the land for the purpose of accentuating her possession; but just as soon as she did that the plaintiffs intituted the present action.
It is noteworthy that, although the 322 acres of land are worth more than $20 an acre, defendants’ quitclaim title cost only $100.
We do not think that the plowing of the furrow, or furrows, which may soon have been hidden by grass, was a sufficient indication of possession to oust the possession of plaintiffs, founded on actual possession followed by civil possession.
The house and fence were put on the land by defendant in avowed hostility to plaintiffs’ right, and therefore in bad faith. The option *478 lies with plaintiffs, therefore, to require their removal, at defendant’s expense, or to keep them upon paying their cost. Oiv. Code, art. 508. This cost we fix at $50.
Attorney’s fees cannot be recovered as damages in a case of this kind.
It may be well to explain that the decision below was by a jury.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment in favor of plaintiffs and against defendants, maintaining the plaintiffs in possession of the land in question, and perpetuating the injunction herein, and condemning the defendants to pay all costs, and condemning plaintiffs to pay defendants $50, unless within 60 days from the recording of the present judgment in the lower court the said plaintiffs elect not to keep the improvements put upon the land in dispute by defendants; the said election to be made known by the filing of a written declaration in the clerk’s office as part of the record of the present suit.
MONROE, J., takes no part.