LAND, J.
Plaintiff alleged ownership and, actual possession for more than one year of a certain strip of ground 75 feet wide, east of the center line of its north-bound track, by about 1,600 yards in length, and that the authorities of the defendant town were at *743 tempting to take possession of said strip for the purpose of converting it into a public street, and had trespassed on the same by constructing bridges across all the ditches and drains running from petitioner’s said track. Plaintiff further alleged that said municipal authorities had further trespassed on said strip by cutting plaintiff’s barbed-wire right of way fence and by doing certain grading work on said land.
Plaintiff alleged actual damages in the sum of $1,000, punitive damages in the sum of $1,000, and $500 for attorney’s fees.
Plaintiff prayed for judgment against the town of Amite City in the full sum of $2,500 damages, “and ordering said town to desist from further disturbing plaintiff’s possession of said land and quieting petitioner in its possession of same.”
The defendant town, for answer, after pleading the general issue, averred its uninterrupted possession and control of the land in dispute, as a public thoroughfare, since the year 1855, when said property was dedicated to public use as a street by the owner, as shown by deed of record and map thereto attached.
Defendant prayed for judgment rejecting plaintiff’s demand with costs, and recognizing and quieting the respondent’s possession.
There was judgment in favor of the defendant as prayed for, and the plaintiff has appealed.
In June, 1855, John M. Bach, the owner of the site of Amite City, made a figurative plan of said town, and sold to Mrs. John Calhoun squares 38 and 39 by reference to said plan, the original of which was annexed to the deed.
The plan shows the usual subdivision of the town site into squares and streets; one of the latter being designated as Railroad avenue. According to this plan, square 39 fronts on this avenue, in the center of which | appear two parallel lines representing a railroad track.
(Plaintiff claims that Railroad avenue opposite square No. 39 represents its right of way as granted by the said John M. Bach. The only written evidence of such alleged grant are two certain reeognitive acts executed in 1871 and 1873 by the said Bach. The acts recite that the original grant was made about October 6, 1856, and was lost or mislaid, and was never recorded.
This alleged grant was subsequent to the sale from Bach to Mrs. Calhoun, which was seasonably recorded, and consequently cannot affect the dedication of Railroad avenue resulting from said conveyance made with reference to the plan thereto attached.
It appears that since 1855 Amite City has never questioned the right of the railroad company to use the central portion of the avenue, and that said company has never disputed the right of the public to use as a thoroughfare that portion of the avenue west of its tracks. On the east side of the track the avenue was not opened and improved by the town authorities until July or August, 1908, but it had b;--n used more or less by' the public for many years.
The evidence for the defendant tends to show that since 1898 a number of attempts by the agents of the railroad company to prevent or obstruct the public use of the eastern portion of the avenue adjoining the property line have been successfully resisted by residents and municipal officers. Mr. Bostick, whose dwelling faces the avenue, testified that in 1906 the company made another effort to close the avenue by the construction of a cattle guard, and that the mayor made the company’s employes desist, and punished one of their number for trespassing on the street. Plaintiff’s action is possessory, and titles cannot be considered except to show extent of possession. As both parties claim under *745 color of title, and show possession thereunder, we cannot perceive how plaintiff’s later title can expand its actual possession. The rule that possession under color of title of a part of a tract of land in possession of the whole cannot prevail over the adverse possession of the other party under a better title. See John T. Moore P. Co. v. Morgan’s La. & T. R. R. & S. S. Co., 126 La. 888, 53 South. 22.
On the issue of quiet and uninterrupted possession beyond the line of actual railroad use, we think that the plaintiff has failed to make out its case. Of course, the judgment below is erroneous in not excepting the track and ground actually used for railroad purposes. This is admitted in defendant’s brief, from which we quote as follows:
“The town claims the entire tract, when, as a matter of fact, the actual roadbed was never intended to be included in these proceedings.”
According to plaintiff’s evidence, the ditch on the east side is approximately 35 feet from the center of the north-bound main track.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiff, the Chicago, St. Louis & New Orleans Eailroad Company, quieting said corporation in the possession of the parcel of land described in the petition, less a strip 40 feet wide by about 1,600 yards in length to be taken off of the eastern portion of said parcel, not including, however, any side or switch tracks of the plaintiff company which may infringe on said strip; and it is further ordered that the defendant town be quieted in the possession of the aforesaid strip, less reservation, as above described; and it is further ordered that the respective demands of the parties in all other respects be rejected, and that each of them pay one-half of the costs of suit in the district court, and that the defendant pay the costs of appeal.