### No. 10,547

### Orleans

### TAYLOR ET AL. v. PAILET

(February 11, 1929.  Opinion and Decree.)
(March 4, 1929.  Rehearing Refused.)

Alexis Brian, of New Orleans, attorney for plaintiffs, appellees.

A. D. Danziger, of New Orleans, attorney for defendant, appellant.

JONES, J.  This is a suit for $2,000.00 damages for trespass on a triangular lot of ground located on Metairie Road in Jefferson Parish, just above New Orleans. Petitioners, the widow in community and her children, forced heirs of Raphael E. Taylor, duly recognized by judgment of the Twenty-eighth Judicial District Court, after alleging the purchase by Taylor of the triangular lot in duly recorded authentic act from Mrs. Alice Bein, and the continuous

actual physical possession thereof by him and his heirs, averred as follows:

(1) Defendant had removed fences and trees from said property and had placed a little gravel over parts of it in an attempt to dedicate it as a public park known as "Pailet's Place," for the benefit of an adjoining real estate development owned by defendant, which he had bought on October 18, 1923;

(2) As soon as plaintiffs learned of defendant's trespass and attempted dedication, they wrote him on September 17, 1924, and again on September 24, that he was causing them damages by his trespassing, and that they intended to rebuild the inclosing fence at once, but on October 8, 1924, defendant ejected from the property plaintiff's workmen, who were then building the enclosing fences;

(3) On October 16, 1924, defendant repeated his offense by again forcibly expelling plaintiff's workmen from the property and tearing down at least two-thirds of the then completed fence.

Defendant answered, denying the trespass, but averring that he took possession as owner of the property on September 19, 1923, by clearing, filling and ditching it, and later published a plan of his adjoining property on which he showed this triangular lot as a public park called Pailet's Place. Respondent further admitted receiving plaintiff's letters claiming damages, the expulsion of plaintiff's negro workmen from the property, and the removal of fences and material.

In the alternative, should his claim of legal possession be denied by the court, defendant claims registered title to the property by a long list of detailed acquisitions, set forth at the end of the answer.

As the trial court gave judgment for plaintiff in the sum of $500, defendant appealed, and plaintiffs have answered the appeal, asking that the amount be increased $1,000.00.

The evidence shows the following facts:
R. E. Taylor bought lots 28 to 35, inclusive, in 1902, established his home thereon, and lived there until 1916. The northeast corner of lots 34 and 35 was cut diagonally by Metairie Road and the slough paralleling the road known as Metairie Bayou. Taylor found fences along both sides of Metairie Road. His residence was on the river side, and the triangular portions of lots 34 and 35 were on the lake side of the road. This triangular portion of the lake side was surrounded by a wire fence with one or more gates opening on the road opposite the residence property, and Taylor used this triangle as a pasture for his cattle from 1902 to 1916.

In 1916, Taylor sold his residence property, but retained the triangle. In the deed to Montgomery of his residence property, he established a servitude in favor of the residence property and against the triangle, so as to prohibit the use of the triangle for business purposes or by negroes.

Taylor and his family then moved to California, leaving the triangle fenced and continuing to pay the taxes on it, as he had done since his acquisition. In 1920 Taylor came to New Orleans and, while here, had the fence repaired. This fence was gradually worn out, but the old wires and signs of it on the trees remained until this suit was filed in 1924.

Taylor died in 1922, and a judgment was rendered in the District Court of Jefferson Parish sending his widow and heirs, plaintiffs here, into possession as owners

of the triangle. The judgment was duly recorded.

In October, 1923, Pailet, defendant, bought the Daly tract consisting of one arpent, more or less, on Metairie Road by a depth extending to the lake, divided it into squares and lots, and placed the lots on the market. He ditched and leveled this arpent-front tract and dumped the surplus dirt into Metairie Bayou, some in front of his property, and some on the triangle belonging to the plaintiffs. He also partially constructed a gravel road in the triangle.

In March, 1924, defendant caused a lithographic plan of his Daly tract to be published, and on it he caused plaintiff's triangle to be delineated as a public park called "Pailet's Place," and used the plan as an attraction for the sale of lots in his Daly tract.

Plaintiffs had placed the triangle with Mr. Dupas, local realtor, for sale. In September, 1924, Mrs. Taylor came to New Orleans to complete the sale, and was then informed of the trespass and attempted dedication of plaintiffs' triangle by the defendant. She caused a letter to be written to defendant warning him against further trespass and later that she had decided to replace the ruined fence.

Instead of ceasing his acts of trespass, defendant tried to temporize and compromise; and, when Mrs. Taylor's employees went upon the property to construct the fence, they were forcibly prevented from doing so, and the work already done was destroyed by defendant. This happened on two occasions in October, 1924.

The present suit was then filed. Without showing any valid title, defendant relied on adverse possession of the triangle for more than a year, and upon a supposed defect in the description of plaintiff's title.

The judgment putting them in possession, after twenty years of continued possession under a title in their deceased husband and father, gives the description in minute detail and refers to a survey by F. H. Waddill showing the lines, angles and distances with precision. The title of their deceased husband and father had covered lots 34 and 35. The description in the deed by which Taylor acquired referred to a copy of a plan made by Zander to be used in a suit between other persons, which plan does not show lots 34 and 35 as extending across Metairie Road, but as stopping at the road. This was evidently a mistake which was corrected by the description itself, and also later by Waddill, who surveyed both the Taylor property and the Daly property, and in both of those surveys he showed the true extent of the lots.

Waddill's testimony puts this point beyond question. His survey of the Daly tract now owned by defendant, as well as his survey of the Taylor tract, which are in the record, show that the triangle was no part of defendant's property, but, on the contrary, that it was part of the Taylor tract.

The possession claimed by defendant consisted in clearing part of the ground, filling part of the bayou, and making a gravel road through it.

Lanz, one of defendant's employees, testified that on September 23, 1923, he began filling the property, cutting ditches, building levees and cutting down weeds, but he did not remember what he put in front of Pailet's adjoining property, and when asked to point out the exact spot on the land that he had filled, he could not locate

it. On cross-examination he admitted that he had built the levees in the rear thirteen or fourteen years before. This witness, Marsiglia, and Jackson all testify that they never saw any fence around this property, but they are so confused and involved in their statements on cross-examination that their testimony, which is negative at best, has little or no probative value. Harold Pailet, defendant, testified that he began to improve this property as soon as he agreed to buy the adjoining tract, but he could not remember when he dedicated the triangle to public use.

Fortunately, this lapse of memory is cured by copy of lithographic plan of the Pailet property, which was offered in evidence by plaintiff and shows this triangle marked Pailet's Place to have been dedicated on March 26, 1924.

Elias Pailet, father of defendant, testified that he agreed to buy the adjoining property in September, 1923, and that he at once began to fill the bayou and clear the weeds off this property, the total expense therefor being $1,182.00. On cross-examination, when showed a copy of deed from Miller to Ricker of June 27, 1923, which contained a full description of the Daly tract, which he claims to have bought, he could not show any reference to this triangle, and the record does not contain any deed showing any title in defendant. He admits that he told plaintiffs' employees to get off the land and pulled up the posts and removed the wire fence.

It is thus seen that defendants entirely failed to prove actual, continuous, physical possession as owner for one year prior to the suit, as required by law. That such desultory improvements are not sufficient is shown by the following authorities:

Lacroix vs. Crane, 133 La. 234, 62 So. 660:

"The occasional cutting and removal of timber from over-flowed land, and the payment of taxes thereon are insufficient to establish the actual possession required as the basis of a prescriptive title."

Crowell Co. vs. Duplessey, 130 La. 842, 58 So. 592:

"Plaintiff is well founded in contending that, in view of the fact that defendant is in possession without titile, his possession is bounded by his actual occupancy."

Frederick vs. Goodbee, 120 La. 787, 45 So. 608:

"The occasional cutting and removal of timber from an isolated tract of forest land is not proof of actual possession as owners."

On the other hand, the plaintiffs have shown not only a recorded title to the property in question, dated prior to 1902, but actual, physical possession beginning in 1902, continued by using the property as pasture up to 1916, and continued further by the fence surrounding said property until at least subsequent to 1920, and vestiges of possession remain on the property in the shape of fence wires and nails up to the time suit was filed.

It was held in Croom vs. Noel, 143 La. 189, 78 So. 442, that:

"* * * where possession has commenced with the corporeal detention of the thing, it may, if not interrupted in law or fact, be preserved by external signs by the continuance on the property of vestiges of works erected by the possessor, or by the continued, positive, and even negative intention to possess."

In Jones vs. Goss, 115 La. 926, 40 So. 357:

"Actual possession, once begun, is continued by mere civil possession so long as not ousted by a counter actual possession of one year."

In Sallier vs. Bartley, 113 La. 400, 37 So. 6:

"The plaintiffs * * * held the whole tract by the same title, their actual possession extended to every part thereof and the intention to possess preserved the civil possession of that part which was not convenient to use, whether these were enclosures or not, and is sufficient for the purposes of the present action."

Although the record shows beyond question that defendant's trespasses, depredations and admitted dedication caused plaintiff considerable damage, we think the amount allowed by the trial judge does substantial justice. On this point see the following authorities:

Gerstner vs. Crescent City Ice Co., 8 Ct. of App. 209.

Perry vs. Junius Hart Piano House, 10 Ct. of App. 170.

For the reasons given above the judgment of the trial court is affirmed.