The facts show that the property involved was the separate property of Eliska White. When Eliska White died in 1933, her heirs, if any she had, had seisin of the property It is shown that plaintiff was a niece of the deceased, being a daughter of a predeceased sister. It is further shown that Eliska White left no descendants nor ascendants, but did leave collaterals, that is, nieces and nephews of predeceased brothers and sisters. Under Article 912 of our Civil Code these were called to her *Page 513 
succession at the moment of her death. When she died, her heirs allowed her surviving husband to continue to occupy the house. He occupied this house until 1939 when he died. It does not satisfactorily appear who occupied the premises until the beginning of 1940. In the beginning of 1940, Robinson, a nephew of Eliska White, deceased, took charge of the property on behalf of the heirs and permitted one Felix Dorsey to live in the house, rent free. Robinson died in 1941, but Dorsey continued to occupy the premises until November, 1942, when he vacated the premises. After Dorsey vacated the premises, plaintiff took charge of the premises for herself and the other heirs by locking the house and barring the front door. In February, 1943, she plowed around fig and peach trees on the lot. In March, 1943, she permitted her daughter to occupy the premises until May, 1943. Thereafter she stored potatoes and rice in the house. Such was the situation as to her possession when this suit was filed in August, 1943, to protect her possession.
The property was adjudicated to the State in 1932 for the nonpayment of the taxes for the year 1931 under the name of Eliska White, the then owner. The property not having been redeemed by Eliska White nor by her heirs, defendant made application to homestead the property in June, 1943, according to the Act of 1938, No. 235, which application was approved by the State Land Office. Acting by virtue of this application and its approval, defendant undertook to take possession of the property, hence this suit.
This suit is based on Paragraph 5 of Code of Practice, Art. 298, which provides that an injunction must be granted "when the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment." Therefore, the sole question is whether or not plaintiff has shown the kind and nature of possession of the property involved to entitle her to the injunctive process to maintain herself in that possession.
Since the plaintiff has not bad the "actual and real possession" of the property in contest previous to November, 1943, the suit being filed within less than a year from that time, she has not had the possession of the property for the necessary period for more than one year unless she is able to tack onto her possession that of Eliska White and the others preceding her possession.
In the case of Annison v. Womack, La. App., 200 So. 663, we held that it is now well established that the possessor, having all of the other requirements necessary for a possessory action, may add to his possession that of his authors in title in making up the required time of possession; and, furthermore, if the possession was begun by an actual and corporeal possession, it may be continued and preserved by a civil possession on the part of the owner or possessor and his authors in title, citing authorities.
In this case, the plaintiff is a niece of Eliska White. When Eliska White died, plaintiff inherited an interest in the property with the other heirs of Eliska White. Eliska White was the owner and was in actual physical possession of the property. Under Article 912, this ownership and possession was transferred to her heirs. At her death a co-heir of plaintiff continued the possession of Eliska White in allowing Dorsey to occupy it. Robinson could not plead prescription or become the owner of the property by another title but by an outright purchase of his co-owners' interest. The law is settled that his occupancy, in person or through another, that is, Dorsey, inured to the other co-heirs. The fact that Robinson died in 1941 does not alter the occupancy by Dorsey. Dorsey merely continued to occupy the property by sufferance of the heirs and the continuing agreement had with Robinson. Dorsey was the agent of Robinson, who was dealing for himself and his co-owners. The mere fact that there was a break in the occupancy of the house for the months of November and December, 1942, should not alter the situation. The actual physical possession having been shown, civil possession thereafter is sufficient, provided, however, that plaintiff, as one of the heirs of Eliska White, was in the actual physical possession of the property at the time of disturbance, which she was.
Civil possession follows possession by occupancy until ousted by adverse actual possession.
The intention to possess presumes the civil possession where actual possession has ceased, even though property is not enclosed. Sallier et al. v. Bartley, 113 La. 400, 37 So. 6; Jones et al. v. Goss et al., *Page 514 115 La. 926, 40 So. 357; Civ. Code, Art. 3429.
In my opinion, the judgment of the lower court is erroneous and should be reversed and judgment rendered in favor of plaintiff as prayed for.