79 So.2d 650 (1955)
Mrs. Ethel CASE et al., Plaintiffs-Appellants,
v.
JEANERETTE LUMBER & SHINGLE CO., Inc., Defendant-Appellee.
No. 4008.
Court of Appeal of Louisiana, First Circuit.
April 22, 1955.
*651 Obier & Middleton, Plaquemine, for appellant.
Bailey & Mouton, Lafayette, Monroe & Lemann, New Orleans, for appellee.
TATE, Judge.
This is an action in jactitation. Plaintiffs appealed from judgment which sustained defendant's exception of want of possession and dismissed the suit.
Jactitory (or slander of title) actions are governed by the codal provisions governing possessory actions, Article 46 et seq., C.P. One of the essential elements is that plaintiff must show real and actual undisturbed possession of the property for more than one year preceding the slander or disturbance.
Title is not at issue, but it may be of some significance in the determination of possession, and the extent thereof, since there are two requisites in acquiring possession of property, "1. The intention of possessing as owner. 2. The corporeal possession of the thing." Article 3436, LSA-Civil Code. (Italics ours.)
The instant cause requires our resolution of which (if either) of two parties may be considered in possession of the property in dispute for purposes of this jactitory action, when both parties under deeds translative of title claim to have asserted both corporeal and constructive possession over the same tract of land, successively, and more or less alternatively, over the course of approximately fifty years.
The land in controversy is an 80-acre tract, described as the East one-half of the Southwest Quarter, Section 1, Township 11 South, Range 9 East, St. Martin Parish. It is low swampland, denuded of cypress, and subject to periodic overflow. It is not susceptible of any use except for the removal of timber.
Defendant-appellee, the Jeanerette Lumber & Shingle Company hereinafter denoted as "Jeanerette", acquired the property in dispute (along with much other land in several non-contiguous groupings) in 1894 and 1896, and has paid taxes thereon since 1895 to date of trial. The southeast corner of this tract is the northwest corner of another quarter section tract owned by Jeanerette; but except at that theoretical point, the disputed tract does not adjoin other lands owned by Jeanerette.
Plaintiffs' predecessors in title had acquired a large 1700 acre tract of land known as "Bethel tract" in 1905 from one William D. Bethel. (Earlier deeds in 1857 and 1862 showed acquisition of this tract by Pinkney C. Bethel, although no connection is shown in the record by which William D. Bethel acquired title through Pinkney C. Bethel. We do not believe, however, that this is material for disposition of this matter.)
Based upon documentary evidence contained in the records of Jeanerette, the District Court found that Jeanerette took physical possession of the property in 1903. Under the terms of a contract and the entries for payments pursuant to said contract, it appears that Messrs. Cropper and Crawson in 1903 removed from the disputed 80 acres, and another 160 acres in the immediate vicinity, approximately one-half million feet of virgin cypress, and possibly more, in an operation which two living witnesses agreed cleared the tract in question with others of merchantable timber. Jeanerette's witnesses further testified that in 1925 the land was re-surveyed and the lines were blazed and the corners marked, in 1933 it was still marked with Jeanerette's claims of ownership, and in 1939 the property was re-surveyed and re-blazed and posted for Jeanerette. Further, although very little hardwood timber and cypress was there in 1925, in 1933, 56 small cypress trees and 27 ash trees were removed from said tract, and in 1943, 69 hardwood trees and 11 cypress trees. According to Jeanerette's witness, there was nothing left in the way of merchantable timber on the tract after 1943, which has been annually revisited since then without sign of trespass; and prior to 1943 was watched for Jeanerette by one, Folkes, deceased, whose written reports were not admitted in evidence.
*652 The 1700-acre Bethel tract surrounds the 80 acres in dispute on three sides, and the disputed tract separates one quarter section of Bethel land from contiguity with the remainder, except at the congruent corner points of two sections.
Plaintiffs, with the burden of proof, sought to establish possession in themselves and to counteract the evidence of contrary possession, with the testimony of six witnesses variously testifying as to timber operations on the entire "Bethel tract" of 1700 acres in 1906, 1908, 1910, 1911, 1912, 1913, 1924, 1927, and 1938.
Plaintiffs rely on the principle of law that where a contiguous body of land is conveyed by a single deed, possession exercised on any part of that tract extends, constructively, to the limits of the land as called for in the deed itself. Articles 3437, 3498, LSA-Civil Code; Lewis v. Standard Oil Co., 154 La. 1048, 1050, 98 So. 662. None of plaintiffs' witnesses could testify that the timber on the particular 80 acres in question was among that removed by plaintiffs' predecessors' operations. Although two of plaintiffs' witnesses living in the immediate vicinity denied ever knowing of Jeanerette conducting operations on the tract in question, no evidence was produced which in the opinion of the District Court or ourselves seriously challenged the proof by Jeanerette (defendant) of its possession of the specific tract through the acts above enumerated.
Both parties have paid taxes on the 80 acres in question since at least 1915. Both have granted mineral leases upon this property. Both rely upon the principle that the occasional cutting of small amounts of timber is not possession, and upon the further principle that the only possession possible of these swamplands suitable only for that purpose is the conducting of timber operations thereupon.
The crux of the plaintiffs' position is that even if Jeanerette had exercised possession of the disputed property in 1903 (which plaintiffs deny), then the subsequent civil possession of Jeanerette was lost by interruption, since plaintiffs' predecessors in title took possession of the disputed land by their timber operations upon the entire Bethel tract, citing Culpepper v. Weaver Brothers Lumber Corporation, 194 La. 897, 195 So. 349. Thus, according to plaintiffs, the civil possession flowing from Jeanerette's corporeal possession of the property in 1903, was ousted by the subsequent constructive possession exercised by plaintiffs under their deeds translative of title, see Article 3444, ("* * * the possessor is supposed always to retain his first intention, unless a third person has usurped or taken from him the possession, or he has failed to exercise an actual possession for ten years.") See also Article 3449(2), LSA-Civil Code.
Jeanerette, on the contrary, argues that once a person has physically possessed a parcel of land, then possession continues in law even though the corporeal detention of the property has ceased, Articles 3442, 3487, LSA-Civil Code. It further argues that plaintiffs have shown no evidence of possession of the particular tract in the suit, and even if the evidence was so construed, such intermittent minor timber operations as related to this small 80-acre tract did not oust Jeanerette from possession thereof.
We believe the record amply supports the factual findings of the District Court to the effect that not only have plaintiffs failed to prove any actual physical possession of the 80-acre tract in question, but that Jeanerette proved actual physical possession thereof in 1903, succeeded by sufficient uninterrupted civil possession thereafter following as to be held in possession of the premises for purposes of this jactitory action. Further, should plaintiffs' operations intermittently from 1906 through 1938 be regarded as interruptions of possession, Jeanerette's similar operations in 1933 and 1943 (and further, specifically related to this 80-acre tract), were greater in scope as well as occurring most recently, thus maintaining or restoring possession in or to Jeanerette.
We believe that the constructive possession exercised by plaintiffs' operations on other portions of a larger tract including within its description the disputed acreage, *653 is insufficient to constitute an interruption of the civil possession exercised by Jeanerette following its actual physical corporeal possession in 1903 of the acreage involved. Further, it has been held that constructive possession of a part of a tract of land by reason of possession of the whole under color of title, cannot prevail over the adverse possession, whether the latter's possession be civil or corporeal, of the other party under a better or earlier title, Smith v. Arkansas Fuel Oil Co., 219 La. 982, 54 So.2d 421; Ernest Realty Co., Inc. v. Hunter Co., Inc., 189 La. 379, 179 So. 460; Chicago, St. Louis & New Orleans Railway Co. v. Town of Amite City, 136 La. 742, 67 So. 814. See also Moore Plainting Co. v. Morgan's Louisiana & T. R. & S. S. Co., 126 La. 840, especially 888-894, 53 So. 22, at pages 38-40, for extensive discussion and citation of authorities to this effect.
The Culpepper case, relied upon by plaintiffs and above cited, may be distinguished from these in that the civil possession of a record owner of prior title was interrupted, not by constructive possession, but by actual physical adverse possession by one in good faith possessing under inferior title but under deed translative of title.
As pointed out in the extremely comprehensive Comment, "The Commencement of Prescription on Immovable Property", 12 Tulane Law Review 608, possession required in possessory and jactitory actions is identical in nature with the possession required as the foundation of prescriptive titles. When the owner by record title of a tract of swampland fit for no other purpose has actually taken physical possession thereof by cutting and removing all the merchantable timber therefrom, it does not appear that timber operations by another on other portions of a larger tract (the deed to which also includes the smaller tract) would constitute possession adverse and open enough to enable him to know his possession is disturbed and to bring his possessory action within the year, or to take other action to prevent the acquisition by another of prescriptive title to his land.
For the above and foregoing reasons, we feel the judgment of District Court correctly sustained defendant's exception of want of possession and dismissed plaintiffs' suit, and it is herewith affirmed.