CULPEPPER, Judge.
This matter is again before us on appeal by defendant from a judgment overruling his plea of acquisitive prescription of ten years to the north half of a piece of woodland described as:
A certain tract of land in Natchitoches Parish, Louisiana, containing 56 acres, more or less, being a strip measuring 14 chains East and West on the west side of the Southwest Quarter of Section 18, Township 11 North, Range 8 West, Louisiana Meridian.
The facts out of which this litigation arose are fully set forth in our previous opinion reported in 152 So.2d 104. As originally filed, this suit involved the title to the entire 56-acre tract as above described. In our prior decision, we decreed the plaintiff to be the owner of the south half, as to which defendant had no recorded title, and remanded the case to the district court for the limited purpose of allowing all parties to introduce evidence admissible as to defendant’s plea of acquisitive prescription of ten years to the north half, to which defendant does have a deed transla-tive of title.
The substantial issue is whether defendant Graves’ possession has been sufficient to support this plea of ten years prescription. The facts show (as we held in our prior decision) that Mrs. Virginia Crain, the plaintiffs’ ancestor in title, acquired the north half of this 56-acre tract in an act of partition dated July 30, 1898, this together with a much larger tract of land lying adjacent to and west of the 56-acre tract and that plaintiffs have a valid record title to the property in dispute. Plaintiffs and their ancestors in title have had continuous corporeal possession since 1898 of at least portions of this larger tract, although they have had only constructive possession of the 28 acres of woodland in dispute here.
Defendant acquired his title to the 28 acres in dispute by purchase from the Commercial National Bank of Shreveport in 1937, which deed included the north half of the Southwest Quarter of Section 18, Township 11 North, Range 3 West, Louisiana Meridian, together with other properties lying adjacent to the east side thereof, the properties acquired under this act of sale having an aggregate acreage of approximately 691 acres. Defendant’s vendor did not have a valid title to the property in dispute.
The record discloses that following his acquisition of these properties the defendant cleared a small portion thereof, lying *191 approximately one mile distant from the property in dispute. A small house was built and some crops were intermittently grown on the cleared land. The clearing, of between 15 and 18 acres, was located some distance from the public road and neither the clearing nor the house was visible therefrom.
The facts also show that during the year 1940, a man named Foshee entered into an agreement with defendant, under which, for a period of approximately a year, Foshee removed some timber not only from the property in dispute, but likewise from the south half of the 56-acre tract, which we previously held belongs to plaintiff. In 1955, the defendant again made an agreement with Foshee for the removal of some timber and Foshee proceeded to cut timber on the disputed property until stopped by the plaintiffs, when they learned of the cutting.
There are no fences or other enclosures or boundary markings around the 28 acres in dispute, except that the west line is also the boundary line between Red River and Natchitoches parishes and this line is marked along and for some distance north and south of the subject property.
The applicable law is well established. In the similar case of Smith v. Arkansas Fuel Oil Co., 219 La. 982, 54 So.2d 421 (1951), plaintiff had “civil possession” of one acre of land under a valid title and defendant, asserting ownership by ten years prescription, claimed that his corporeal possession of part of a larger tract under color of title extended to the one acre in dispute. The court held:
“The defendant takes the position that by this possession of a portion of the property it is to be presumed that the possession is to the extent of the defendant’s title. At that time Smith was in possession of the property in controversy. The property could not be possessed by both parties at the same time. The person holding possession under title maintains it as against later alleged constructive possession of the same property by another person. Gilmore v. Schenck, 115 La. 386, 39 So. 40. The rule that possession of a part of a tract of land under color of title is the possession of the whole cannot prevail over the adverse possession of the other party under a better title. Chicago, St. L. & N. O. Ry. Co. v. Town of Amite City, 136 La. 742, 67 So. 814.”
See also Ernest Realty Co., Inc. v. Hunter Co., Inc, 189 La. 379, 179 So. 460; Chicago St. La. & N. O. Ry. Co. v. Town of Amite, 136 La. 742, 67 So. 814; Moore Planting Co. v. Morgan, La. & T. R. & S. S. Co, 126 La. 840, 53 So. 22 (pages 888-894); Case v. Jeanerette Lumber & Shingle Co, La.App, 79 So.2d 650; Blanchard v. Norman-Breaux Lumber Co, 220 La. 633, 57 So.2d 211 (1952); Robertson v. Morgan, La.App, 116 So.2d 141.
Under this jurisprudence, the plaintiffs having prior constructive possession of the property under title, it is clear that defendant did not usurp this possession by subsequent constructive possession under mere color of title. To prevail here, defendant must show that he had more than constructive possession, he must show that he had actual corporeal possession for the requisite period of ten years. For as stated in Ernest Realty Co. v. Hunter Co, 189 La. 379, 179 So. 460 (1938):
“It is a well settled and established principle of law that where the legal and rightful owner of a tract of land has actual possession of a part thereof, he is in legal and constructive possession of the whole, except such portion thereof that may be in the actual possession and occupancy, by inclosure or otherwise, of a party claiming either by title under article 3478 or thirty years’ adverse possession, article 3499. The reason for the rule is that both cannot have constructive possession.”
The only acts possibly constituting corporeal possession by defendant, were the *192 cuttings of timber by Fosliee on two widely separated occasions, one probably about the year 1940, of which the plaintiff knew nothing, and the other during the year 1955, which Foshee stopped on demand of the plaintiffs. The 1940 cutting, according to the testimony, extended over a period of at least a year, and timber was also cut on the south half of the 58-acre tract (to which defendant had no recorded title), as well as on the property in dispute, which would tend to show defendant was not having the timber cut in the manner of one sure of his title and its boundaries.
What constitutes corporeal possession in any case is a question of fact and each case depends on its own circumstances. Jacobs v. Southern Advance Bag & Paper Co., 228 La. 462, 82 So.2d 765 ; McHugh v. Albert Hanson Lumber Co., Ltd., 129 La. 680, 56 So. 636. The occasional and indiscriminate cutting of timber does not ordinarily constitute actual possession and occupancy sufficient to support a plea of prescription acquirendi causa; Howell, et al. v. Metropolitan Land Co., 127 La. 399, 53 So. 664; LaCroix v. Crain, 133 La. 227, 62 So. 657; Martel v. Hunt, 195 La. 701, 197 So. 402 (1940). In Martel v. Hunt, supra, the court said it is generally held that the occasional cutting of trees for lumber, cordwood, crossties and firewood is not sufficient, and that there must be such external signs of possession as to indicate clearly that the possessor holds control and dominion over the property. In the Martel case the court quoted with approval the following language found in Frederick v. Goodbee, 120 La. 783, 45 So. 606:
“The law contemplates that the corporeal possession of the thing should be accompanied by external and public signs, announcing the possessor’s intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, the erection of works, and other similar acts.”
We find that the defendant has not established his possession of the property sufficient to support the prescription of ten years and, accordingly, the judgment of the lower court is affirmed.
Affirmed.