BAILES, Judge.
This is a possessory action brought by plaintiffs against defendants wherein they seek to have the court recognize their alleged right to the possession of certain immovable property and which possession is adversely claimed by defendant and defendant’s wife, the intervenor.
Plaintiffs allege they possess as owners immovable property which will be herein described as Lót No. 1 and being a portion of a certain Payne tract situated in Section 39, Township 8 South, Range 2 East, containing 32 acres. This lot is shown as Lot No. 1 on the drawing depicted below. However, the actual portion of land involved in this possessory action is the one and one-half acres, approximately, shown as the shaded area lying south of the road and which forms a part of Lot No. 2.

Plaintiffs allege that they have had the possession of this small triangular plot of ground quietly and without interruption for more than one year immediately prior to March 11, 1966, the date of the alleged disturbance. Further, they allege that on March 11, 1966, certain persons employed by defendant, James Walsh, disturbed them in their possession by using a bulldozer to knock down a portion of the fence surrounding a portion of their property and by destroying a number of small trees.
The defendant, while denying the controversial portions of the plaintiffs’ petition, admit that he and his wife employed another person to clear the small triangular plot of ground and that plaintiffs ordered them to stop. Further, defendant, James Walsh, allege that his wife, Mrs. Ulma Yaun, has been in possesion as owner of the subject property since 1959, which property is shown as Lot No. 2 on the said sketch; that defendant’s wife has had possession of the above described immovable *46 property quietly and without interruption for more than one year immediately prior to March 11, 1966.
The trial court, in its written reasons for judgment stated:
« * * *
“The Walshes and the Womacks are neighbors, and the property owned by the Womacks is briefly described as Lot 1, and the property owned by the Walshes is described as Lot 2. The Walshes sought to introduce evidence showing that their use and occupancy of their lands north of the Hoo Shoo Too Road counted as possession of their property across the Hoo Shoo Too Road. The. court observes that the lands were noncontiguous, as they were separated by a public road and that since they were in fact physically separated by a public road and in fact noncontiguous that there would be no presumption that the occupancy by the Walshes of their property north of the road would carry with it possession of the property which is the subject of this litigation. For that reason, the court excluded that evidence. Admittedly, the Walshes have committed no physical act of any kind to show that they had or exercised possession of this small triangular strip.
“Next, we come to the possession of the Womacks. It has been shown by evidence from Mrs. Womack that they acquired this property in 1922 from Louis U. Babin; that on December 26, 1922, they moved on the property; that at that time the triangular strip in question was enclosed within a fence. It is not known by whom this fence was built, and Mrs. Womack’s testimony that she knew who built the fence was not accepted by the Court. In any event, this triangular strip extended from a point which was described as point “Y” on a map introduced in evidence and along the southerly side of the Hoo Shoo Too Road until it met with the easterly side of the Model Road and also extended along the Model Road to lands of A. B. Booth and thence in an easterly direction back to point “Y,” the whole of the property being triangular in shape and fenced. The fence, regardless of who constructed it, was used by both the Womacks and their lessor thereafter and even until the time of this suit.
“The evidence reveals that after Mrs. Womack’s husband died, Mrs. Womack moved off of the property in the 1930’s and leased the property to a Mr. Diez. Mr. Diez died and his son took over farming operations on this same property until he went to the C. C. Camp, and that thereafter Mrs. Womack moved back on the property. With regard to the use and possession of the Womacks, testimony convinced the court that located on the triangular strip was a barn and a well. Behind the barn and well was a fence, that this fence was a cross fence wherein they kept cattle, a horse and a couple of mules. It was shown from the evidence that on this triangular strip Diez ran some hogs. It is true that after the Highway came in and widened their right of way, around 1954, that the fence was moved back and a new one was constructed by the Highway Department, and thereafter very little use was made of the land by the Womacks. However, it was still the same land contained within the fenced area that they had used and had enjoyed the use of since 1922, and the Court considers that that is sufficient possession in order to allow them to prevail in this lawsuit establishing possession within themselves for one year immediately prior to the filing of the suit.
(( ‡ ‡ ff
In this holding we find the court a quo fell into reversible error, and accordingly, the judgment appealed from is reversed.
The evidence conclusively shows that the plaintiffs were continuously in actual physical possession of the disputed area from 1922, the date that David Womack, plaintiffs’ ancestor in title, purchased and went into possession of Lot No. 1 to the year 1954. In 1954, the Department of Highways of the State of Louisiana, entered *47 into a right of way agreement with the various owners of property across which the Hoo Shoo Too Road ran, and in this agreement the Department of Highways, agreed to widen the said road and to relocate and construct new fences along this road, including the fence along the north side of the subject property which abuts this road. There is serious question as to the period of time the plaintiffs possessed the subject property subsequent to the year 1954. This phase of the case will be elaborated on hereinafter.
Mrs. Ulma Yaun, wife of the defendant, James Walsh, intervened in this action and asserted the identical position pleaded and alleged by James Walsh in his answer to the demands of the plaintiffs. Her right to intervene in this action is ground in a dation en paiement between James Walsh and his wife, and in which transaction record title to Lot No. 2 was vested in said intervenor. In this intervention, the inter-venor instituted a possessory action against the plaintiffs asserting that her possession of the disputed area was disturbed by plaintiffs when they prevented her from continuing with the improvements contemplated through clearing of the land.
Likewise, there can be no doubt that defendant and intervenor had exercised actual physical possession of that portion of Lot No. 2 lying north of the Hoo Shoo Too Road and such possession had been exercised by Mrs. Ulma Yaun and her husband, the defendant, from July 8,1955.
The grant of the right of way for the widening of the Hoo Shoo Too Road was the conveyance or transfer to the Department of Highways of “a right of way or servitude for the construction, improvement and maintenance of the aforesaid highway” and was not a transfer of fee simple title to the highway right of way. This fact is clearly established by the grant of the right of way in evidence.
Under the unbroken line of jurisprudence of this State, the granting of a servitude of passage or a right of way for the construction of a highway or railroad does not ipso facto render a contiguous tract of land noncontiguous because of the traverse of said tract by such road or railroad.
In the case of Leader Realty Co. v. Taylor (1920) 147 La. 256, 84 So. 648, the Supreme Court stated:
“[6,7] * * * A sale of a railroad right of way conveys or establishes only a servitude upon the land, (citations omitted) With regard to ownership and possession, the railroad right of way across the land, being only a servitude, did not divide the property into two tracts. Sallier v. Bartley, 113 La. 400 37 So. 6.”
Further, in the case of Spier v. Barnhill (La.App.1964), 168 So.2d 479, the court stated:
“[2,3] * * * A parent tract is separated into separate and non-contiguous tracts by a right of way or road owned in fee by the state or another party than the landowner; but this division into separate tracts does not result when the right of way or road is merely a servitude or right of passage over the land, which does not divest the parent-tract owner of his naked title to the land over which the servitude passes, which thus does not divide his continuous ownership of the naked title to the entire tract.”
Plaintiffs argue that the defendant and his wife, the intervenor, never possessed the subject property lying south of the Hoo Shoo Too Road, and that it was separated from the remainder of Lot 2 by a public road which existed long before they owned the property north of the road. We find no distinction can be drawn between the construction of a railroad and the construction of a public road, or whether it was built prior or subsequent to the purchase of the property by defendant. The distinction must be based on the fact of whether there is a vestiture of title to the *48 property encompassed in the area of the road in another person or entity different from that of the original tract. If merely a servitude is established or a right of way granted without a change in ownership of the property, the tract does not become non-contiguous. Plaintiffs further argue that reference to the map of the property will show that the portion south of the road was in the plaintiffs’ chain of title and was not a part of the defendant’s chain. In this conclusion we do not concur.
Plaintiffs further argue that under the holding of this Court in Case v. Jeanerette Lumber & Shingle Co. (1955) 79 So.2d 650, that the actual possession which they exercised (prior to 1954) should prevail over the constructive possession exercised by the defendant and intervenor. We observe this distinction between the instant action and the cited case, that in the cited case there was no question of the loss of the possession through failure to exercise an actual possession for ten years. In the cited case, the defendant did exercise intermittent actual possession of the property at various times and as late as 1943 which prevented the tolling of the prescriptive period of ten years.
We must conclude, therefore, that the granting of the right of way and the construction of the Hoo Shoo Too Road across the south end of Lot No. 2 did not render that portion of Lot No. 2 lying south of the said road noncontiguous to the remainder of the tract lying north of this road. Consequently, the defendant and in-tervenor’s possession of Lot No. 2 north of the road was likewise possession of the subject property lying south of the road. The evidence offered by the defendant and intervenor as proof of the fact that they possessed the property as owner should have been admitted into evidence.
Because of the provisions of LSA-C.C. Article 3444, which states:
“To retain the possession of a thing when a man once has it, it is not even necessary that he should have such positive intention; a negative intention suffices, that is, it suffices that the positive intention, which he had in acquiring the possession, shall not have been revoked by a contrary intention; for, so long as this revocation does not take place, the possessor is supposed always to retain his first intention, unless a third person has usurped or taken from him the possession, or he has failed to exercise an actual possession for ten years.”
it is necessary for us to determine at what time the plaintiff’s civil possession terminated by non-use. The testimony of Mrs. Della Heard Womack, Clarence Floyd Womack, Albert Womack, all plaintiffs herein, was offered to prove that they occupied and possessed the subject property for a sufficient period of time subsequent to 1954 to prevent the tolling of the ten year period prescribed in Article 3444 quoted above. Our appraisal of the testimony of these witnesses is that it is vague, inconclusive and indefinite. Obviously, Mrs. Womack and her son, Clarence Floyd Womack, who were the most definite as to the period of time the subject property was actually possessed, did not associate the termination of use with any definite ascertainable date but at best were recalling from independent memory that it was about two years after the road was widened in 1954. We find that the plaintiffs have not sustained the burden of proving the term of their actual possession of the property subsequent to the year 1954.
We find that the plaintiffs’ possession of the triangular plot of ground was lost through non-use of ten years under the provision of LSA-C.C. Article 3444.
Defendant’s and intervenor’s claim to the small triangular plot of ground is based on the provisions of the Civil Code Articles 3437 and 3498, which in principle states that one does not have to occupy every part of a piece of property, but that it is sufficient if he occupies a part of the land, provided it is with the intention of occupying the whole of a contiguous tract. The *49 facts herein sustain the intervenor’s position.
For the foregoing reasons, the judgment of the district court is reversed and there is judgment in favor of the intervenor, Mrs. Ulma Yaun, herein recognizing her right to the possession of the subject property and maintaining her in possession thereof. Furthermore, under the provisions of LSA-C.C.P. Article 3662, the plaintiffs in the main demand are ordered to assert their adverse claim of ownership of the subject immovable property in a pe-titory action to be filed within sixty days after the finalty of this judgment, or be precluded thereafter from asserting the ownership thereof. Additionally, interve-nor is reserved the right to institute an action for any damages which has resulted from the disturbance of her possession of subject property. Plaintiffs are cast for all court costs.
Reversed and rendered.